KRUKOWSKI *v.* PALUSZEWSKI'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—PARENT AND CHILD—SERVICES RENDERED BY MEMBER OF HOUSEHOLD PRESUMED GRATUITOUS.

Services rendered by a member of a household are presumed to be gratuitous, and no recovery may be had therefor in the absence of an express agreement to pay for them, and the testimony in support of such agreement must be so clear and explicit as to leave nothing for conjecture.

2. SAME—CONTRACT FOR SERVICES ESTABLISHED BY PROOF.

In support of a claim by plaintiff against the estate of her grandmother, with whom she made her home, that plaintiff rendered very considerable service, and that her grandmother agreed to pay her a stated sum per week therefor, *held*, established by substantial proof.

3. SAME—TRIAL—INSTRUCTIONS.

Where provision was made for plaintiff in her grandmother's will, and there was testimony that it was made because of the service plaintiff had rendered her, the trial court was in error in instructing the jury that it had nothing to do with the amount to be allowed on her claim for services in the present action, but the court should have instructed them to determine whether it was in full or partial payment, and, if partial, then to deduct it from the total amount found to be due plaintiff.

Error to Wayne; Brown (William B.), J., presiding. Submitted January 20, 1927. (Docket No. 140.) Decided October 3, 1927.

Leona Krukowski presented a claim against the estate of Mary Paluszewski, deceased, for services rendered. The claim was allowed in part by the commissioners, and Anthony Paluszewski appealed to the circuit court. Judgment for plaintiff. Contestant brings error. Reversed.

[1]Executors and Administrators, 24 C. J. §§ 881, 882, 1120; Work and Labor, 40 Cyc. pp. 2815, 2851; [2]Executors and Administrators, 24 C. J. § 1123; Work and Labor, 40 Cyc. p. 2851; [3]Executors and Administrators, 24 C. J. § 1124; 11 L. R. A. (N. S.) 882; 28 R. C. L. 677; 6 R. C. L. Supp. 1552.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann*, of counsel), for appellant.

*Walter M. Nelson*, for appellee.

McDONALD, J.   Leona Krukowski filed a claim against the estate of Mary Paluszewski, deceased, and was allowed $2,968, by the commissioners.   From this allowance an appeal was taken by the defendant to the circuit court of Wayne county where the plaintiff recovered a verdict for $3,700.   On a motion for a new trial, the circuit judge held that the verdict was excessive to the extent of $900, and required the plaintiff to file a remittitur for that amount.   This the plaintiff did and judgment was entered for her in the sum of $2,800.   The defendant, by Anthony Paluszewski, one of the heirs, has brought error.

The particulars of the plaintiff's claim were stated by her as follows:

"November 1, 1915, to June 26, 1923, keeping house and doing the house work for said Mary Paluszewski and caring for her through an illness which was almost continuous until her death, at $15 per week, total $5,940.   June, 1922, to June 26, 1923, $24 a week loaned the said Mary Paluszewski and used on household expenses, $1,248.   Total of $7,188."

The first assignment of error relates to the refusal of the court to grant the defendant's motion for a directed verdict on the theory that the evidence did not establish any contract relation between the plaintiff and Mary Paluszewski, deceased.

The plaintiff was the granddaughter of the deceased. She went to live with her grandmother when she was five years of age and remained there until the grandmother's death on June 26, 1923.   She and the deceased were the only female members of the family. There is an abundance of evidence to sustain the plaintiff's claim that she kept house for the deceased and

cared for her during a long continued illness. There is also evidence that, because of the meagre income of the deceased, it was necessary for the plaintiff at times to work in a cigar factory where she received wages averaging $24 a week which she turned in to pay household expenses.

This court has often held that services rendered by a member of a household are presumed to be gratuitous and no recovery can be had therefor in the absence of an express agreement to pay for them; and the testimony in support of such an agreement must be so clear and explicit as to leave nothing for conjecture. The testimony offered by the plaintiff here is of such a character. In view of the fact that the statute prohibits the plaintiff from testifying and that death has sealed the lips of Mary Paluszewski, it cannot reasonably be expected that the contract will be as definitely and completely established as it would be if the parties thereto could testify. But there is substantial proof that the plaintiff rendered very considerable service and that Mary Paluszewski agreed to pay her a stated amount per week therefor. And this testimony comes not alone from the plaintiff's witnesses, but as well from Anthony Paluszewski, the real defendant in this litigation, the son of the deceased and the only heir who makes objection to the plaintiff's claim. He testified that he saw his mother make payments to the plaintiff for her services, and that he heard her tell the plaintiff that she was making provision in her will whereby the plaintiff would receive $1,000 for services. It is not necessary to call up other witnesses. An express agreement was well established, and the court did not err in refusing to direct a verdict on that ground.

A more serious question is presented. Mary Paluszewski left a will. Paragraph five reads as follows:

"I give, devise and bequeath unto Lilli Schwankowsky, my granddaughter, who is living with me now and taking care of me in my declining years, the sum of one thousand dollars."

The plaintiff is the Lilli Schwankowsky referred to in the will. She has since changed her name by marriage.

The scrivener who drafted the will testified that the testatrix told him that her reason for making a bequest of $1,000 to the plaintiff was because she had cared for her during her sickness. And Anthony Paluszewski testified:

"There was a general discussion about the terms of the will, between my mother, Leona, Henry and myself. My mother said to Leona, 'I am giving you that $1,000 for work that you are doing and to my debt.'

"Q. Now, what did Leona say to that?

"A. 'I am satisfied, but I would sooner have it in cash right now.' "

In view of the provision in the will and the testimony regarding it, the court was wrong in charging the jury as follows:

"The verdict rendered in this case has nothing to do in any way with any of the terms of the will. This is outside of the will. Whatever the plaintiff recovers on this will would be in addition to what the jury awards to her."

After the charge was completed, counsel for the defendant called the court's attention to the instruction relative to the provision of the will; whereupon the court repeated substantially the charge as given on that subject. If the bequest in the will was in payment for services, the jury ought to have been instructed to determine if it was in full or in partial payment; and if in partial payment, they should deduct it from the total amount they find to be due to the plaintiff.

Because of this error in instructing the jury, the judgment is reversed and a new trial granted.  In all other respects, the charge fairly presented the issues involved.  The defendant will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.