[File No. 6715.]

THE DUNHAM LUMBER COMPANY, a Corporation, Respondent,
v. ANTON GRESZ, Frank Gresz, and the State of North Dakota,
Doing Business as State Land Department,

and

STATE OF NORTH DAKOTA, Doing Business as State Land Department, Appellant.

(295 N. W. 500.)

Opinion filed December 24, 1940.   Rehearing denied January 14, 1941.

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for appellant.

*Hyland & Foster,* for respondent.

MORRIS, J. This is an action to foreclose a mechanic's lien upon a dwelling house and asking for a decree directing that the house be sold separate from the land and removed therefrom. The defendant, state of North Dakota, demurred to the complaint and now appeals from an order overruling the demurrer.

The complaint sets forth that the plaintiff sold to Anton Gresz and Frank Gresz the material for the dwelling house, and that the same was used in the construction thereof. It is conceded that the necessary steps to perfect the plaintiff's lien were taken, and that at the time the material was sold, Anton Gresz and Frank Gresz were the owners of the real estate upon which the house was constructed.

The only allegation with reference to the state is that the "state of North Dakota doing business as State Land Department, claims some interest in said dwelling house and land upon which it is situated, which claim is inferior and subsequent to that of the plaintiff herein." In the prayer for relief the plaintiff asks "that the right of the state of North Dakota doing business as State Land Department be declared inferior to the right of the plaintiff herein."

The demurrer sets forth two grounds. First, that the court has no jurisdiction of the person of the defendant or of the subject matter of the action, and second, that the complaint does not state facts sufficient to constitute a cause of action against the state. The court overruled the demurrer and in the same order fixed the amount of the undertaking for costs to be given by the plaintiff at $1,000.

The primary point relied upon by the state is that it, being a sovereign state, cannot be sued in its own courts without its permission, and that no permission to sue the state in an action such as this has been given.

Section 22 of the Constitution of the state of North Dakota provides, with reference to suits against the state, that, "Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct." The legislature has provided for suits against the state by § 8175, N. D. Compiled Laws 1913, which contains the following language: "An action respecting the title to property, or arising upon contract may be brought in the district court against the state the same as against a private person. When such actions are not of a local nature they shall be brought

in the county of Burleigh." It is the contention of the state that under these provisions of the Constitution and the statute, the state can be sued only when title to property is involved, or when the suit is upon contract; and it is further asserted that the case at bar does not fall within either of these specific classifications. If this be correct and there are no other provisions for suit against the state under which this action can be brought, the state must prevail.

The plaintiff cites the cases of Mayer v. Studer & M. Co. 66 N. D. 190, 262 N. W. 925, and Jacobson v: State, 68 N. D. 259, 278 N. W. 652. The actions in those cases were based upon § 14 of the state Constitution, providing that "private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner."

We held in these cases that where the state or any agency thereof, acting in a sovereign capacity, takes or damages private property for public use, an action may be maintained against the state to recover compensation for the property thus taken or the damage to property thus inflicted. Section 14 of the Constitution clearly has no application to the facts in the case now before us, and the decisions in the two cases above mentioned are not authority upon the question of the plaintiff's right to maintain an action to foreclose its mechanic's lien or to determine the right of the state in or to the property in question.

The state would invoke its sovereign immunity in this action. That immunity has been recognized in a number of cases in this jurisdiction. Wirtz v. Nestos, 51 N. D. 603, 200 N. W. 524; State ex rel. Shafer v. Lowe, 54 N. D. 637, 210 N. W. 501; Watland v. North Dakota Workmen's Comp. Bureau, 58 N. D. 303, 225 N. W. 812.

The state's immunity is not absolute. The framers of the North Dakota Constitution saw fit to relax the rule of absolute immunity and vest in the legislature, by § 22 above quoted, the power to prescribe the cases in which suit may be brought against the state.

Under our Constitution the state may by legislative enactment lay aside its sovereignty and consent to be sued on such terms and in such actions as it may prescribe. It is urged by the plaintiff that the state of North Dakota has given its consent to bring this suit. It is argued that this action comes within the purview of the consent granted in

§ 8175, Compiled Laws 1913; that it is "an action respecting the title to property."

Chapter 155, N. D. Session Laws 1929, provides that "when material is furnished or labor performed in the erection or construction of an original, complete and independent building, erection or improvement, whether the same has been placed upon a foundation or not, the lien provided for by this chapter shall attach to such building, erection or improvement in preference to any prior title, claim, line, encumbrance or mortgage upon the land upon which such building, erection or improvement is erected, and upon foreclosure of such lien, such building, erection or improvement may be sold separately from the land, and may be removed from the land within the time herein specified; and in the event of such sale of said building separate from the land and the removal of said building therefrom the same shall be and operate as a full satisfaction and discharge of the lien upon such real estate." By the action set forth in the complaint, the plaintiff would enforce his statutory lien against the house as provided by the above quoted law.

The plaintiff does not seek foreclosure against the land upon which the house is situated.

In determining the sufficiency of the complaint as against the demurrer of the state, we must decide whether the allegations pleaded with respect to the state, are sufficient to come within the statute as an action respecting title to property.

In First Nat. Bank v. Kling, 65 N. D. 264, 257 N. W. 631, this court considered an action to foreclose a chattel mortgage. The complaint contained an allegation: "That the defendant, R. S. Brookings, claims some interest, or lien, or encumbrance upon the property mentioned and described in Exhibits 'A' and 'B' but that such claim, lien or encumbrance of said R. S. Brookings is inferior and subject to the mortgage and lien and claim of the Plaintiff herein."

With respect to this allegation, the court said:

"The defendant, Brookings, is a stranger to the mortgage and as to him the action is to determine the title to and the right of possession of personal property.

"In an action to foreclose a mortgage or other lien the plaintiff may unite all his causes of action arising from the same transaction or transactions connected with the subject of the same action. . . ."

Thus, in that case, the court treated the allegations with respect to Brookings as an action to determine the title to the property.

In this case, the suit against Anton Gresz and Frank Gresz is one to foreclose a mechanic's lien; but as against the state it is to determine the claim or right of the state to the same property.

Webster's International Dictionary, 2d ed. defines the word "respecting" as meaning "with regard or relation to; regarding; concerning."

The allegations of the complaint, in so far as they pertain to the state, concern the state's title to the property in question. Proof of the state's title or lack of title to the property in quesion would be clearly admissible under the trial of these allegations. Thus it appears that the complaint does state a cause of action against the state of North Dakota "respecting the title to property," and is not subject to demurrer.

The state also asserts that the complaint is fatally defective because it fails to allege that the plaintiff had signed the undertaking prescribed by § 8175, N. D. Comp. Laws 1913. That portion of the statute that we have not heretofore quoted is: "The plaintiff at the time of commencing such action shall file an undertaking with sufficient surety to be approved by the clerk of court to the effect that he will pay any judgment for costs that may be rendered against him."

The state cites and quotes from Chicago, M. & St. P. R. Co. v. State, 53 Wis. 509, 10 N. W. 560, wherein it was held that a complaint was defective because it failed to aver a refusal by the legislature to allow the plaintiff's claim, and the court held, "The effect of the statute is to make the refusal of the legislature to allow the claim a condition precedent to the right of the claimant to maintain an action on his claim." The statute under consideration, however, provided that " 'it shall be competent for any person deeming himself aggrieved by the refusal of the legislature to allow any just claim against the state, to commence an action against the state. . . .' "

It will be noticed that the Wisconsin statute only gave the right to sue the state after the legislature had refused to allow the claim.

The case of Benware v. Pine Valley, 53 Wis. 527, 10 N. W. 695, also cited by the state, involved a statute that was held to require the performance of a condition precedent before the right to sue the town

existed. It required that the statement of claim be filed with the town clerk, to be laid before the town board of audit, and did not permit suit to be brought until ten days after the annual town meeting following such filing. That statute clearly bears no resemblance to the one at bar.

Our statute does not purport to make the filing of a bond a condition precedent to the existence of a right of action against the state. It only requires that at the time of commencing the action, the plaintiff shall file an undertaking for costs with the clerk of court.

The state may, of course, surround the right to bring suit against it with such provisions as the legislature may deem advisable. These provisions may be in the form of conditions precedent to the existence of a right of action against the state, such as were prescribed by the Wisconsin statute in Chicago, M. & St. P. R. Co. v. State, supra, or they may be provisions which the state is entitled to enforce against the litigant but are not an absolute bar to the existence of a right of action. Our statute does not require that before a suit can be maintained, a bond must be filed. We do not believe that the legislature so intended. Undoubtedly the purpose of that portion of the statute now under consideration was not to prevent a litigant from suing the state. The state, in the earlier portions of the same section, had already waived its immunity from suit. The provision for the bond deals not with the matter of immunity of the sovereign, but with the protection of the state against inability to collect costs from unsuccessful litigants. Thus it appears that the provision for the bond is not a part of nor does it affect the plaintiff's right of action. On the other hand, in order that the state may be assured of collecting from the plaintiff such costs, as it may eventually be entitled to, the plaintiff is required to file the bond as prescribed by statute. The statute only requires the bond to be filed "at the time of commencing such action." The complaint is not demurrable because it fails to plead the filing of the bond.

Affirmed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.