[File No. 6717.]

CARL S. BRYE, Respondent, v. WILLIAM E. GREENFIELD et al. and State of North Dakota,

and

STATE OF NORTH DAKOTA, Appellant.

(296 N. W. 746.)

Opinion filed March 3, 1941.

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for appellant.

*Sinness & Duffy,* for respondent.

PER CURIAM. The state appeals from an order overruling its demurrer to the complaint in an action to determine adverse claims to real property in Benson county. The complaint conforms to the provisions of § 8147 of the N. D. Compiled Laws 1913, and alleges, among other things regarding the property, "that the defendants claim certain estates or interests in or liens or encumbrances upon the same adverse to the plaintiff."

The demurrer alleges: "The complaint does not state facts sufficient to constitute a cause of action."

Appellant urges two points. The first is that as the state may not be sued except in "such cases, as the legislative assembly may, by law, direct" (§ 22 of the Constitution), and the legislature, by the provisions of § 8175, N. D. Compiled Laws 1913, has limited such an action as this to one "respecting the title to property," it is not sufficient, so far as the state is concerned, merely to state in the complaint that the state claims an interest in the property, but the complaint must show also "What Possible Claim to the Property the State May Have, and (the complaint) Does Not Give the Defendant Information Necessary to Defend."

This contention is answered by our recent decision in Dunham Lumber Co. v. Gresz, ante, 455, 295 N. W. 500. A complaint is sufficient as against such demurrer by the state when it alleges the state claims some interest in the land, inferior to the interest of the plaintiff, and demands the state set forth a statement of its claims. The rule laid down in the case cited is decisive of this point. "An objection that a pleading is not sufficiently full, definite, certain or specific is not reached by demurrer, but rather by motion to make it more definite and specific." 21 R. C. L. 600.

The second point is that the complaint is defective in that it "does not allege compliance with the conditions precedent to the right to sue the state provided by §§ 8175--8177, inclusive of the Compiled Laws of 1913."

Appellant points out that the complaint does not show that, at the time of commencing this action, the plaintiff had filed an undertaking to pay "any judgment for costs that may be rendered against him," though § 8175, N. D. Comp. Laws 1913, requires that in actions brought against the state the plaintiff shall do so, "at the time of commencing such action."

In Dunham Lumber Co. v. Gresz, supra, we held that "the complaint is not demurrable because it fails to plead the filing of the bond."

The order overruling the demurrer is affirmed.

BURR, Ch. J., and NUESSLE, BURKE, MORRIS, and CHRISTIANSON, JJ., concur.