[File No. 6810]

HENRY E. JOHNSON, as Guardian of the Estate of Josephine Perlichek, Incompetent, Respondent, v. LULU G. BRUNNER, Executrix of the Estate of A. J. Brunner, Deceased; Lulu G. Brunner; Ward County, North Dakota, a Public Corporation; Harvey Johnson; Donald G. Brunner; and Ceta Brunner Jorde, Defendants,

and

THE STATE OF NORTH DAKOTA, a Public Corporation, Appellant.

(1 NW(2d) 871)

Opinion filed January 15, 1942

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for appellant.

*Clara J. Johnson,* for respondent.

BURR, Ch. J.   Plaintiff seeks to foreclose a real estate mortgage, making the state one of the parties defendant.   The complaint alleges that this defendant claims to have interests in the real estate, but that such interests, if any, are inferior to the mortgage lien.   Plaintiff prays the court require the state to set forth its claims to the estate, and that the state be "forever debarred and foreclosed of any and all estate or interest in . . . said mortgaged premises, except the right of redemption," and for such other relief as to the court may seem just and equitable.

The state answers, claiming to be the owner of a portion of the land involved, by virtue of a warranty deed from the mortgagor, executed and delivered after the mortgage was recorded.

The answer shows the state has an interest in the land.   Its contention is based upon the fact that this land was bought for the purpose of establishing a highway across the land involved; that the highway was built and is being maintained as part of the highway system of the state, all prior to the commencement of the action; and this being so, the plaintiff cannot maintain an action to foreclose this mortgage as against the state, so far as it involves the real estate to which the state has legal title, asserting such action is one which cannot be maintained without the consent of the state.

The answer admits all of the allegations of the complaint, except the allegation that a power of attorney, directing foreclosure, had been executed and delivered to plaintiff's counsel.   Thus, so far as the real issues are concerned, the answer admits all of the important essential facts.   The answer demands that the action be dismissed "in so far as it relates to the real property so sold and conveyed to the state of North Daklota."

The plaintiff demurred to the answer on the ground the same does not set forth facts sufficient to constitute a defense.   By demurring, the

plaintiff admitted all of the allegations of the answer. The court sustained the demurrer, and the state appeals.

It is the contention of appellant that on the face of the record, it is shown clearly the state cannot be sued; "that a suit to foreclose, where the state is not directly liable for the debt secured, is not one within the permission of § 8175, Comp. Laws 1913;" that the state cannot be sued without its consent; and no consent has ever been given.

The appellant places great reliance upon the case of Schwing v. Miles, 367 Ill 436, 11 NE(2d) 944, 113 ALR 1504, where the Illinois court held that in a suit to foreclose a mortgage on land acquired by the state (apparently after the mortgage had been given) brought against the department of public works and buildings and other defendants, the department was a governmental agency of the state, and, therefore, the suit was equivalent to an action against the state, and such action could not be maintained; basing this decision specifically upon § 26 of article 4 of the Constitution of the state of Illinois, which declares, "the state of Illinois shall never be made defendant in any court of law or equity."

But the case cited is not in point. Our Constitution, § 22, provides, "Suits may be brought against the state in such manner, in such courts, and in such cases, as the legislative assembly may, by law, direct;" and the legislative assembly has, by the provisions of § 8175 of the Compiled Laws, permitted actions to be brought "against the state the same as against a private person" when the action is one respecting the title to property, or arising upon contract. This action is an action respecting the title to property, and in such case it may be brought in the district court against the state the same as against a private person. Dunham Lumber Co. v. Gresz, 70 ND 455, 295 NW 500, construing § 8175, Compiled Laws 1913. The rule laid down therein: "Where in an action to foreclose a mechanic's lien, the state is made a party under allegations seeking to determine the claim or right of the state to the property involved; the action in so far as the state is concerned is one respecting the title to property," is applicable here. Hence, the claim of the defendant that the answer, conceded by the demurrer to be true, shows conclusively that there is no cause of action shown against the state, cannot be upheld.

The admitted facts show: the owner of the land gave a valid mortgage, which was duly recorded; after executing the mortgage and having it recorded, he deeded a portion of the land to the state for highway purposes; the highway is built and is being operated by the state. Sustaining the demurrer had the effect of determining the state has no interest whatever in any portion of the land, for it struck down the answer. Clearly, the state has a deed to a portion of the land, and on the facts as submitted, it would appear that the lien of the mortgage is a superior interest.

The demurrer should have been overruled. In this equity action to determine the rights of the various parties, the trial court will determine in what manner the foreclosure, if allowed, will be carried out, and make such other determination as will protect the rights of all the parties. The order sustaining the demurrer is reversed.

CHRISTIANSON, MORRIS, BURKE, and NUESSLE, JJ., concur.