[File No. 6840.]

R. W. HENDERSON, Respondent, v. W. B. SCOTT and Workmen's Compensation Bureau of the State of North Dakota, and P. B. Sullivan, Adolph Michelson, and R. H. Walker, as Commissioners of the Workmen's Compensation Bureau of the State of North Dakota, Appellants.

(10 NW(2d) 490)

Opinion filed July 16, 1943.

*Alvin C. Strutz,* Attorney General, and *P. B. Garberg,* Assistant Attorney General, for appellants.

*Hyland & Foster,* for respondent.

BURR, J. Plaintiff brings an action against the defendants to recover for the reasonable value of services which he claims to have rendered the defendant Scott under a contract made with the defendants.

The complaint alleges that defendant Scott was an employer insured with the workmen's compensation bureau; that he was injured in the course of his work; that the bureau acknowledged his right to share in the compensation fund; that both Scott and the bureau employed the plaintiff to render medical services to Scott; that the services were worth a thousand dollars, and no part of this has been paid except the sum of $250 paid by the bureau.

The issues involved come before us upon separate demurrers. Each demurrer sets forth "that the court has no jurisdiction of the subject of the action. That the complaint does not state facts sufficient to constitute a cause of action against this defendant."

The trial court overruled each demurrer and the defendants appeal.

It appears to be the theory of the defendant Scott that because of his contract with the bureau, the liability for medical services became the liability of the bureau alone, and therefore no judgment can be rendered against him.

This position cannot be sustained. Even though he be entitled to share in the compensation fund, and therefore it was the duty of the bureau to furnish him medical service, this does not relieve him from his own personal liability. The complaint alleges that Scott made a contract with the plaintiff for medical services. It shows the reasonable amount of the services and the amount paid. For the purposes of the demurrer, the allegations are admitted to be true. Clearly, the complaint states a cause of action against Scott.

While the framework of the compensation law of South Dakota is somewhat different from ours in important particulars, nevertheless the holding of that court in Hannon v. Interstate Power Co. 65 SD 493, 275 NW 358, is applicable to the situation here. A physician, even under our law, is not compelled to perform medical services for a claimant. He need not agree to do so either with the claimant or with the bureau. He is a third and independent party, not legally bound to furnish services for either. He may make such legal contract as he sees fit and therefore he may contract with the claimant without refer-

ence to the bureau. In the case cited, the action to recover medical services was not brought against the claimant. It was an action against the employer, but the employer set forth that it "was operating under the Workmen's Compensation Law—and that the industrial commissioner had exclusive jurisdiction." The court points out that "physicians are neither employers nor employees within the meaning of the act and are not within the class of persons who can either elect or refuse to come under the provisions of the law." While under our statute there is no liberty of election, nevertheless physicians are not one of those who must render service. If defendant Scott employed the plaintiff to furnish medical services for him he must pay the reasonable value of these services when no express agreement was made as to fees, and this irrespective of what amount the bureau may allow for medical services. Therefore, Scott's demurrer to the complaint was properly overruled.

In holding thus on the demurrer interposed by Scott, we are not determining any right the plaintiff may have to compel payment out of the workmen's compensation fund. This matter is not involved in determining the Scott demurrer.

The demurrer interposed by the bureau sets forth that "the court has no jurisdiction of the subject of the action" and that the complaint doesn't state facts sufficient to constitute a cause of action.

The suit against the bureau cannot be maintained. As pointed out in Watland v. North Dakota Workmen's Comp. Bureau, 58 ND 303, 225 NW 812, "the Workmen's Compensation Bureau, as organized and existing under chap. 162 of the Session Laws of 1919, is not a legal entity subject to suit, and a suit against it is in legal effect a suit against the state."

In this case cited, the complaint was challenged by a demurrer "as to the jurisdiction of the person of the defendant and the subject of the action"—also "on the ground that it did not state facts sufficient to constitute a cause of action." There is not much variance between the demurrer in the case at bar and the one interposed in the case cited. The variation in language is not material as we view it. In the case cited, the subject matter of the complaint was an attempt to recover damages for an alleged tort and the case was decided on the theory that

the state had not consented to be sued in tort and therefore the action could not be maintained, even as against the state.

Nevertheless, this court shows that any suit against the bureau is in effect a suit against the state; and that the state has consented to be sued in an action arising upon contract but not tort and so that action could not be maintained against the state; as additional reason for showing the bureau itself cannot be sued, this court points out distinctly the purpose for which the bureau is organized and for which the fund must be disbursed. Though the cited case was concerned primarily with an action in tort, it directly affected the fund. If successful, it would subject the fund to a debt not contemplated by the statute, and therefore this statement made therein is applicable to the case at bar: "It might result in the dissipation of the fund raised for a particular purpose by requiring it to be applied in the liquidation of liabilities in favor of others than those for whose benefit the fund is created. Either that, or it would impose upon the general taxpayers a liability for official neglect that is equally grievous regardless of the governmental department in which the neglect occurs."

However, in support of our holding there that the bureau "is not a legal entity subject to suit," we cite the general principle laid down in Wirtz v. Nestos, 51 ND 603, 200 NW 524, that where the state is dealing with what to a certain extent may be considered to be private problems, but which are of such nature that the public policy of the state requires control thereof, and a fund is created through compulsory assessments and placed in the hands of an agency created by the legislature to deal with such problems, a suit against such agency on matters pertaining to the exercise of its judgment with reference to the fund is in effect a suit against the state, and where the state does not give its consent to be sued in such matters no suit can be maintained.

In the Wirtz Case cited, this court, in giving illustrations, made this rather sweeping statement: "With reference to the Workmen's Compensation Fund, the statute expressly authorized suits to be brought against the officers charged with the duty of administering the law." (51 ND 626, 200 NW 533.) In Watland v. North Dakota Workmen's Comp. Bureau, supra, we say this was not quite accurate. It was a little too broad. What we there had in mind was that the statute creating

the bureau and providing for the fund would authorize *"appeals* in certain cases and not *original* actions." "The thought in mind when the above expression was used was whether or not any method had been provided whereby there might be judicial review of the decisions of administrative officers, bureaus, or commissions. It is one thing to provide a measure of judicial review by way of limited appeals from decisions and quite another matter to recognize a bureau or commission as a legal entity and hold it subject to suit generally." (58 ND 308, 225 NW 814.)

The complaint alleges that the services rendered were worth and of the value of a thousand dollars, that the bill was presented to the bureau as and for the services rendered the claimant Scott who is entitled to have medical attention under his contract with the bureau, that the bill was presented to the bureau who allowed but $250 as and for the value of the medical services.

The complaint in this case is not framed upon the theory of an appeal from the decision of the bureau allowing but a portion of the claim. It does not purport to be an appeal from the determination of the bureau.

Even if we could consider this action as an appeal from the determination of the bureau, the demurrer of the bureau must be sustained as the only one who may appeal from such determination by the bureau would be Scott, the claimant. The right of appeal is given to those who are insured. Light v. North Dakota Workmen's Comp. Bureau, 57 ND 487, 493, 222 NW 952, 955. See also Weisgerber v. North Dakota Workmen's Comp. Bureau, 70 ND 165, 292 NW 627, 128 ALR 1482; Ethen v. North Dakota Workmen's Comp. Bureau, 62 ND 394, 244 NW 32.

A review of our decisions will show that in all cases where the bureau is a party the matter involved has come before us on appeal to the district court in a matter in which a claimant alleges a right to participate in the fund and that he had been denied this right. The bureau denied the right of the claimant to share in the fund; the claimant appeals from that decision to the district court under the provisions of § 396a17 of the statute authorizing such an appeal. The appeal being from the decision of the bureau, the bureau is a party to

the proceeding and an appeal may be taken either by the claimant or the bureau from the decision of the trial court.

Under the statute the bureau is authorized to recover from one incurring "a legal liability to pay damages" to an injured employee entitled to share in the fund, the amount which it allows to an employee, by subrogation to the right of the employee (see § 396a20 of Supp.) and under the provisions of chap. 315 of the Session Laws of 1931, amending § 396a8 of the Supp., "The bureau shall cause suit to be brought (against a delinquent employer) for the collection of the premium" assessed against him "and the accrued penalties, together with further accruing penalties." But these provisions do not provide that the bureau itself maintains the suit nor does any statute provide it may be sued as a legal entity. Actions already brought on behalf of the bureau have been before this court, but these actions were not brought by the bureau as the plaintiff; but by the state of North Dakota as plaintiff. See State v. Osen, 67 ND 436, 272 NW 783; State v. Halverson, 69 ND 225, 285 NW 292. Though the question of the right of the bureau to sue was not raised in these cases, it is clear the construction of the law by all parties was that actions wherein the bureau was authorized to "cause suit to be brought," must be brought by the state and not by the bureau.

Plaintiff cites the case of Tweten v. North Dakota Workmen's Comp. Bureau, 69 ND 369, 373, 287 NW 304, 306, wherein this court, in referring to allowances made by the trial court to a witness and to claimant's counsel, referred to the contention of claimant that "these allowances are inadequate and should be increased." With reference to this, we said: "We have given the matter careful consideration and have reached the conclusion that we cannot interfere with the allowance made by the trial court." From this plaintiff here argues that the court "had jurisdiction to determine the amount that the doctor was entitled to." The witness involved was a doctor, testifying for claimant.

This case cited has no bearing on the issue here. It was a case where one claiming the right to share in the fund had been denied the right on grounds going to the basis of her claim. In such cases provision is made for review by the court through the method of appeal from

the decision of the bureau. On such an appeal the trial court, if it finds the bureau in error in a refusal to permit a sharing in the fund, has the right to fix claimant's compensation and to award a reasonable attorney's fee. The trial court determines the matter according to the rules of civil procedure. (See § 396a17 Supp.) This permits taxation of costs and disbursements in general including fees of witnesses. In this Tweten Case, we were reviewing the decision of the district court upon appeal therefrom.

The demurrer of the bureau should have been sustained. The judgment of the lower court is affirmed in so far as the demurrer interposed by defendant Scott is concerned; and is reversed in so far as the demurrer interposed by the bureau is concerned.

MORRIS, Ch. J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.