H. L. RHOADS, Appellee, v. CHARLES V. PERDUE et al., Appellants.

No. 47094.

(Reported in 33 N. W. 2d 371)

AUGUST 2, 1948.

Jones, Cambridge & Carl, of Atlantic, for appellants.

John E. Budd, of Atlantic, for appellee.

MANTZ, J.—In this case plaintiff brought suit against one Perdue, an employee of Cass County, Iowa, and the Hawkeye Casualty Company. The petition is in one count and alleges that Perdue while working for Cass County, Iowa, negligently drove a truck belonging to said county in such a manner as to cause damages to a truck belonging to plaintiff, and asks damages therefor. The petition alleges that prior thereto the defendant Hawkeye Casualty Company issued an insurance policy to Cass county covering all automobiles and trucks owned by said county and insuring them on any liability caused by the negligent operation of said vehicles by any employee of Cass county. Said petition in paragraph 15 thereof contains the following:

"That at the time said Hawkeye Casualty Company issued said policy on the 3rd day of April, A. D., 1943, it was with their knowledge and consent, by issuing said policy, that action could be brought against said defendant, Hawkeye Casualty Company, in case of any accident by any vehicle owned by Cass County, Iowa, and included in said policy."

Neither the policy nor a copy thereof was attached to the petition.

Each defendant, Charles V. Perdue and the Hawkeye Casualty Company, appeared. Separate motions to dismiss and to strike said petition were filed by each defendant.

In effect these motions were along similar lines. The motions to strike were conditioned to be considered in the event the motions to dismiss were overruled. The motions to dismiss were to a large extent based upon the claim of each defendant that the facts stated in plaintiff's petition did not entitle plaintiff to the relief demanded or to any relief. The motions to strike were largely based upon the claim that the petition of plaintiff failed to allege any contractual relationship between him and the Hawkeye Casualty Company; also, that plaintiff had misjoined the cause of action for the reason that he sought to recover from the Hawkeye Casualty Company on an ex contractu basis and against defendant Perdue on an ex delicto basis; also, that plaintiff failed to allege that the defendants are jointly liable.

The trial court overruled both motions save as to two minor particulars.

The trial court recognized the fact that as Cass county was a governmental agency it could not be held liable for the torts of its employees, but held that this immunity did not extend to its employees who committed torts while engaged in the work of the governmental agency. The trial court held that the Hawkeye Casualty Company, by the issuance of its policy is substituted in the place of Cass county with the same force and effect as if Cass county were not immune because of its governmental agency. The trial court further ruled that it was proper for plaintiff to maintain an action ex delicto against defendant Perdue and one ex contractu against the defendant Hawkeye Casualty Company in the same action. Also, the trial court held that the Hawkeye Casualty Company knowing the immunity of Cass county in issuing said policy had waived the immunity and assumed to stand in the place of Cass county.

The court also held that there was no misjoinder of causes of action.

Both defendants have appealed. The appeal is from the interlocutory order and was pursuant to stipulation of the parties and the order of court authorizing same.

By stipulation of parties the motion to dismiss is not involved in this appeal; the correctness of the ruling of the trial court denying the two motions to strike is alone involved.

I. The defendant Hawkeye Casualty Company moved to strike from the petition Charles V. Perdue, as defendant, on the ground that plaintiff had misjoined the causes of action in that he sought recovery from Perdue on an ex delicto basis and from the Hawkeye Casualty Company on an ex contractu basis; further, that there was a failure of plaintiff to allege any contractual relationship, and also, a failure to allege that defendants are jointly liable.

The court ruled that under the record an action ex delicto and an action ex contractu were properly joined. Appellee argues that such ruling is correct.

The motion of defendant Perdue to strike the Hawkeye

Casualty Company was based upon grounds similar to those set forth by the casualty company and relating to the allegations of the petition.

The only theory upon which liability of defendant Hawkeye Casualty Company is predicated assumes that such liability is the same as would exist if there was no governmental immunity in favor of the insured county. If there were no such immunity it is clear the county and its indemnitor, the casualty company, could not be joined. The claim would have to be established against the county before the indemnitor could be sued. 46 C. J. S., Insurance, section 1191; Lasecki v. Kabara and Farmers Mut. Auto. Ins. Co., 235 Wis. 645, 294 N. W. 33, 130 A. L. R. 883; Elliott v. Indemnity Ins. Co., 201 Wis. 445, 230 N. W. 87; Fehr v. General Acc. F. & L. Assur. Corp., 246 Wis. 228, 16 N. W. 2d 787, 160 A. L. R. 1402. This is especially true by reason of Rule 28, Rules of Civil Procedure.

But here the county cannot be held liable. Plaintiff's contention implies that Perdue, the driver of the car, becomes the indemnitee. Surely it cannot be argued that the policy was issued for plaintiff's benefit. He could not recover against the indemnitor without establishing that someone was negligent. The casualty company's liability, if any, must depend upon whether Perdue is liable. See cases above cited.

Our conclusion is that there was such misjoinder as to require separation. We reach this conclusion for the reasons heretofore stated and not because one action is ex contractu and the other ex delicto. The appropriate remedy was by motion to strike. Krausnick v. Haegg Roofing Co., 236 Iowa 985, 20 N. W. 2d 432, 163 A. L. R. 1413; Rule 27(b), Rules of Civil Procedure. This rule provides that "on such motion the court shall either order the causes docketed separately or strike those causes which should be stricken, always retaining at least one cause docketed in the original case."

II. Appellants next urge as error the ruling of the trial court in holding that while Cass county acting as a governmental agency could not be held liable for the torts of its employees, still this immunity did not extend to an employee who committed a tort while engaged in a governmental function.

This claim is without merit. In the case of Shirkey v. Keokuk County, 225 Iowa 1159, 275 N. W. 706, 281 N. W. 837, the matter of the liability of a county while carrying on governmental functions was considered and passed upon. Numerous cases were cited and discussed. The essence of the holding of this court was that the county was not liable for the torts of its employees while carrying on work of a governmental agency but that such tort-feasor could not claim a like immunity. Citing Montanick v. McMillin, 225 Iowa 442, 458, 280 N. W. 608, 616. We think that what the court there said is controlling here. We quote:

"An act of misfeasance is a positive wrong, and every employee, whether employed by a private person or a municipal corporation, owes a duty not to injure another by a negligent act of commission. It is the breach of this duty which the law imposes on all men that is involved, and this general obligation to injure no man by an act of misfeasance is neither increased nor diminished by the fact that the negligent party is an employee of a municipal corporation."

In that case it was held that public service should not be a shield to protect a public servant from the consequences of his own misconduct. In the case of Goold v. Saunders, 196 Iowa 380, 384, 194 N. W. 227, 228, this court said: "A public official may be guilty of negligence in the performance of official duties, for which his official character gives him no immunity."

III. The last error urged by the defendants and particularly the Hawkeye Casualty Company is that the trial court erred in holding that said Hawkeye Casualty Company assumed such liability as Cass county might have if it had not been for the county's immunity.

We are not in a position to pass upon this question. The terms of the policy are not pleaded. It was issued April 3, 1943. Section 332.3(20), Code, 1946, authorizes counties to insure county employees under some circumstances. This legislative enactment became effective April 8, 1943. Acts of the Fiftieth General Assembly, chapter 167, section 1. Appellee alleged that by issuing such policy and being aware of the immunity of Cass county, the Hawkeye Casualty Company thereby assumed

any liability which Cass county might have had save for its immunity. We cannot determine on this record whether the cited statute has any significance or is or could be shown to be applicable here. As bearing on the question of the casualty company's liability in the absence of statute see Ayers v. Hartford Acc. & Ind. Co., 5 Cir., Ga., 106 F. 2d 958.

Upon the considerations we have stated the case is reversed and remanded in order that the two pleaded actions may be separately docketed for such further proceedings as may be proper.—Reversed and remanded.

All JUSTICES concur.