Raymond J. SPIELMAN, Plaintiff and Appellant,

v.

STATE of North Dakota; Sivert W. Thompson, as State Highway Commissioner of the North Dakota State Highway Department; and John M. Weber, Defendants and Respondents.

No. 7763.

Supreme Court of North Dakota.

Aug. 15, 1958.

Gallagher & Paul, Mandan, for plaintiff and appellant, William H. DeParcq, Minneapolis, Minn., of counsel.

Leslie R. Burgum, Atty. Gen., Vernon R Pederson, Thales L. Secrest, Sp. Asst. Attys. Gen., for defendants and respondents.

MORRIS, Judge.

The plaintiff brought this action against the State of North Dakota, Sivert W. Thompson as State Highway Commissioner of the North Dakota State Highway Department, and John M. Weber to recover damages in the sum of $150,000 for personal injuries to the plaintiff and for damages to plaintiff's pickup truck which he was driving when injured. The defendants demurred to the plaintiff's amended complaint on the grounds that the court has no jurisdiction of the defendants or of the subject of the action and that there are stated no facts sufficient to constitute a cause of action "because the State of North Dakota; and Sivert W. Thompson, as State Highway Commissioner of the North Dakota State Highway Department, and John M. Weber have governmental immunity." From an order of the District Court of Burleigh County sustaining the demurrer as to each of the three defendants the plaintiff appeals.

The amended complaint states that during all of the time mentioned therein the defendant Thompson was the duly qualified and acting highway commissioner of the North Dakota State Highway Department and that the defendant Weber was the agent, servant and employee of the State and the North Dakota Highway Department and was acting within the scope and course of his employment. It is then alleged:

"That the State of North Dakota in the year 1945, by and through its Legislature, duly enacted Chapter 214, Session Laws of 1945 (Sec. 39–0108, 1953 Supplement), and that under said statute the State of North Dakota has waived the defense of governmental immunity from liability both for itself and the said defendant, Sivert W. Thompson, as State Highway Commissioner of the North Dakota State Highway Department."

The plaintiff further alleges that he was the owner and operator of a Chevrolet pickup truck and that on the tenth day of February, 1953 the plaintiff's truck was struck by an International truck driven by the defendant Weber. The details of the collision are stated in the amended complaint in sufficient detail to set forth a cause of action for personal injuries to the plaintiff and for damages to his truck resulting from the negligence of Weber.

The demurrer admits the well pleaded facts which include the official capacity of the defendant Thompson as State Highway Commissioner, the employment of the defendant Weber by the State Highway Department, the ownership of the International truck by the State Highway Department, and that at the time of the accident Weber was acting within the scope and course of his employment as well as the pleaded facts with respect to negligence.

The State Highway Commissioner is an appointive officer of the State of North Dakota, Section 24–0201 NDRC 1943. The complaint does not attempt to allege facts tending to show individual or personal negligence on the part of Thompson. He is made a defendant only in his official capacity as State Highway Commissioner. His liability, therefore, is subject to the same defenses and immunities as that of the State of North Dakota. Dunn v. Schmid, 239 Minn. 559, 60 N.W.2d 14; Holgerson v. City of Devils Lake, 63 N.D. 155, 246 N.W. 641.

The construction and maintenance of highways is a governmental function. For the negligence in its performance the State is not liable to an individual in the absence of a constitutional or statutory waiver of immunity. Vail v. Town of Amenia, 4 N.D. 239, 59 N.W. 1092; Hadler v. North West Agricultural, Live Stock and Fair Association, 61 N.D. 647, 239 N. W. 736; Schigley v. City of Waseca, 106 Minn. 94, 118 N.W. 259, 19 L.R.A.,N.S., 689, 16 Ann.Cas. 169; Bettencourt v. State, 123 Cal.App.2d 60, 266 P.2d 201, 43 A. L.R.2d 545; 25 Am.Jur., Highways, Sec. 346; 40 C.J.S. Highways § 249.

The first question to be considered is whether the State by the enactment of Chapter 214, Session Laws N.D.1945 (Section 39–0108 NDRC 1957 Supplement) has waived its governmental immunity. The pertinent portions of this statute read as follows:

"the state of North Dakota or any department, agency, bureau or the employees thereof * * * using or operating motor vehicles, is hereby authorized to carry insurance for its own protection and the protection of any employee from claims for loss or damage arising out of or by reason of the use or operation of such motor vehicle, whether such vehicle at the time the loss or damage in question occurred was being operated in a governmental undertaking or otherwise; provided, however, that any insurance carrier furnishing such insurance shall not be permitted to raise a defense of governmental immunity from liability for any damage or loss occasioned by any such vehicle or the operator thereof, which waiver shall be contained in the policy;"

Section 22 of the North Dakota Constitution provides that:

"Suits may be brought against the state in such manner, in such courts,

and in such cases, as the legislative assembly may, by law, direct."

The power to waive the state's governmental immunity from suit rests in the legislature. State ex rel. Shafer v. Lowe, 54 N.D. 637, 210 N.W. 501; Dunham Lumber Co. v. Gresz, 70 N.D. 455, 295 N.W. 500.

"The rule is well settled that the state, unless it has assumed such liability by constitutional mandate or legislative enactment, is not liable for injuries arising from the negligent or other tortious acts or conduct of any of its officers, agents, or servants, committed in the performance of their duties. In other words, the doctrine of respondeat superior does not apply to sovereign states unless through their legislative departments they assume such liability voluntarily." 49 Am.Jur., States, Territories and Dependencies, Sec. 76.

The immunity of the state from liability for tort is not waived by legislative enactment unless the waiver appears by express provisions of the statute or necessary inference therefrom. Mead v. State, 303 Mich. 168, 5 N.W.2d 740; Hummer v. School City of Hartford City, 124 Ind. App. 30, 112 N.E.2d 891; 49 Am.Jur., States, Territories and Dependencies, Sec. 77; 81 C.J.S. States § 130b.

The amended complaint does not allege that insurance was procured by the State or the Highway Department. The issue therefore is whether the enactment of the statute waived the governmental immunity of the State regardless of whether insurance was procured under the statute. The question of whether there would have been a total or partial waiver had it been pleaded that insurance procured by the Highway Department was in effect at the time of the accident is not before us on this appeal.

■ The statute is merely permissive. It allows but does not require insurance to be procured. It cannot be inferred from this statute that by its enactment the legislature intended to waive all immunity of the State from liability for damage arising out of the use or operation of a motor vehicle by a state department or agency "whether such vehicle at the time the loss or damage in question occurred was being operated in a governmental undertaking or otherwise." It is clear to us that the legislature did not intend by the mere enactment of the statute to waive in toto the state's immunity from liability resulting from injuries against which insurance might have been taken. This being so the amended complaint does not state a cause of action against the State or the Highway Commissioner.

■ The final point for consideration is the demurrer of the defendant John M. Weber to the amended complaint. He is alleged to be an employee of the State Highway Department whose negligence directly resulted in the plaintiff's injury. The mantle of governmental immunity does not protect an employee of the government from liability for negligent acts of commission by the employee. Restatement of The Law, Agency, Section 347; Cyclopedia of Automobile Law and Practice, Blashfield, Permanent Edition, Sec. 2881; Perkins v. Blauth, 163 Cal. 782, 127 P. 50; Davie v. Board of Regents of University of California, 66 Cal.App. 689, 227 P. 247; Burns v. American Casualty Co., 127 Cal.App.2d 198, 273 P.2d 605; Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608; Rhoads v. Perdue, 239 Iowa 1030, 33 N.W.2d 371; Chambers v. Ideal Pure Milk Co., Ky., 245 S.W.2d 589; Trum v. Town of Paxton, 329 Mass. 434, 109 N.E.2d 116; Renkin v. Sander, 96 Ohio App. 40, 121 N.E.2d 91; Banks v. Liverman, D.C., 129 F.Supp. 743; Brady v. Roosevelt Steamship Co., 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471.

■ The trial court states in his memorandum opinion that:

"The complaint is drawn so that after eliminating the defendants above-nam-

ed it does not state a cause of action against the defendant, Weber, who, in the opinion of this Court, does not have governmental immunity."

We are unable to agree with the trial court as to the cause of action against Weber.

"When the sufficiency of a complaint arises upon challenge by demurrer, all of the inferential and presumptive intendments are in favor of the pleading. Its allegations must be liberally construed with a view of substantial justice between the parties." Gilbertson v. Volden, 71 N.D. 192, 299 N.W. 250, 252.

See Section 28-0741 NDRC 1943.

▮ This action is brought against the State, the Highway Commissioner in his official capacity, and John M. Weber. The facts stated in the complaint sufficiently charge Weber with negligence. The plaintiff prays for judgment against the defendants and each of them. While the complaint is not a model pleading, under our rule of liberal construction of a pleading as against demurrer it states a cause of action against Weber even though it fails to state a cause of action against the other defendants because of governmental immunity. The order appealed from is affirmed insofar as it sustains the demurrer as to the State of North Dakota and Sivert W. Thompson as State Highway Commissioner of the North Dakota State Highway Department. The order is reversed insofar as it sustains the demurrer of John M. Weber.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.