[Civ. No. 4624.  First Appellate District, Division One.—April 24, 1924.]

STANLEY DAVIE, Appellant, v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (a Corporation) et al., Defendants; ROBERT T. LEGGE, Respondent.

[1] NEGLIGENCE—TORTS OF PUBLIC SERVANTS—REMEDY OF INJURED.— Where wrongs are done to individuals by those who are the servants of the government those injured are not remediless, as such servants or employees may be sued the same as other persons for torts which they have committed.

[2] ID.—PLEADINGS—PARTIES—MISJOINDER.—A complaint is not necessarily defective in which there is united with a defendant another against whom no liability is alleged; nor under such circumstances are the rights of the parties necessarily affected by such misjoinder.

[3] ID.—PHYSICIAN AND SURGEON—MALPRACTICE—PLEADING.—In this action against The Regents of the University of California, a corporation, and a physician on its infirmary medical staff, for damages for injuries claimed to have resulted from the negligence of said physician in the care and treatment of plaintiff, al-

1.  See 18 Cal. Jur. 980; 22 R. C. L. 484; 19 R. C. L. 922.
2.  See 20 R. C. L. 706.

though the complaint showed that the corporation operated and maintained the infirmary solely as a governmental function, and was immune from suit on account of the alleged negligence, the allegations of the complaint were sufficient to require the defendant physician to plead to the merits and thus give plaintiff his day in court; and the trial court committed error in sustaining the demurrer of said defendant to the complaint.

(1) 11 **C. J.**, p. 994, sec. 21 (1926 Anno.); 36 **Cyc.**, p. 867. (2) 30 **Cyc.**, p. 127. (3) 31 **Cyc.**, p. 72.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Reversed.

The facts are stated in the opinion of the court.

McGee, Ridgely & Corgiat, J. H. Sapiro, McGee, Sapiro & Thomson and Wm. F. Cleary for Appellant.

David C. Dutton, Hartley F. Peart and Errol C. Gilkey for Respondent.

TYLER, P. J.—Appellant instituted an action for damages against The Regents of the University of California, a corporation, and Robert T. Legge, as codefendants, for injuries claimed to have resulted from the negligence of a physician in charge of an infirmary maintained by respondent's codefendant at the University of California in Berkeley. Demurrers were interposed to an amended complaint by defendants separately. They were both sustained with leave to amend. Plaintiff declined to further amend, whereupon separate judgments were entered in favor of both defendants. Separate appeals were thereupon taken. The appeal from the judgment in favor of defendant corporation, *Davie* v. *Regents of the University of California, post,* p. 693 [227 Pac. 243], was this day decided. It was there held in substance that the complaint shows that The Regents of the University of California, defendant corporation, operates and maintains the infirmary in question solely as a governmental function, for which reason it is immune from suit on account of the alleged negligence.

In support of the judgment in favor of respondent Legge it is claimed that as no cause of action was stated against

his codefendant, The Regents of the University of California, by reason of the fact that such corporation was a state agency exercising governmental functions, no cause of action is stated against him as the servant and agent of the corporation for acts done while he was acting within the course of his employment, it being urged that of necessity the immunity of the principal must extend and cover the agent.

There is no merit in this contention. The immunity does not extend to agents. (*Brouder* v. *City of Hendersen,* 182 Ky. 772 [207 S. W. 479].)

The principle which protects the Regents is inapplicable to him. (*Perkins* v. *Blauth,* 163 Cal. 782 [30 Am. St. Rep. 402, 127 Pac. 50]; *Maia* v. *Eastern State Hospital,* 97 Va. 507–515 [47 L. R. A. 577, 34 S. E. 617].) **[1]** Where wrongs are done to individuals by those who are the servants of the government those injured are not remediless, as such servants or employees may be sued the same as other persons for torts which they have committed. (25 R. C. L., p. 408.)

It is further urged that irrespective of this question the demurrer was correctly sustained for the reason that there is a misjoinder which is prejudicial to defendant, and for the additional reason that the complaint is fatally defective in that it is uncertain, unintelligible and ambiguous in the respects pointed out by the dumurrer.

We see no merit in these contentions. **[2]** A complaint is not necessarily defective in which there is united with a defendant another against whom no liability is alleged. (*Aseveda* v. *Orr,* 100 Cal. 293, 300 [34 Pac. 777].) Nor under such circumstances are the rights of the parties necessarily affected by such misjoinder. (*Hirshfeld* v. *Weil,* 121 Cal. 13 [53 Pac. 402].) True, there is no tie indicated by the allegations of the complaint binding the defendants together such as is required under the law to make out a case of joint liability; nor is there in any one of the single acts complained of a possibility of holding both defendants named in the complaint as joint tort-feasors. The pleading shows clearly that the acts complained of were committed by defendant Legge with complete absence of any community of purpose, concert of action or general plan as would serve to unite defendants and constitute one cause

of action for the damage alleged. But this condition did not justify the action of the lower court in sustaining the demurrer of both defendants. The old common-law rule in relation to the inseverability of actions against joint tort-feasors does not exist in this state, it having been modified by section 578 of the Code of Civil Procedure, which provides in substance that judgment may be given for or against one or more of several plaintiffs or for or against one or more of several defendants where the justice of the case requires it. (*Zibbell* v. *Southern Pacific Co.,* 160 Cal. 239, 248 [116 Pac. 513].) Here, as above stated, the complaint shows that the acts done by defendant Legge were done independently, and that there was no concert of action on the part of his codefendant. The defendants were no doubt joined upon the mistaken theory that the doctrine of *respondeat superior* prevailed against the Regents and that they were not immune from suit. Whatever the reason for the joinder may have been the immunity of the Regents did not of itself abate the action against the alleged culpable defendant, or bar a judgment against him if guilty, for when the demurrer of the Regents was sustained any objection that might exist by reason of the misjoinder was removed.

[3] Nor do we think, as claimed, that the complaint is unintelligible or uncertain. It alleges in unequivocal terms a complete cause of action against defendant Legge. It first charges that for a consideration he personally performed an operation upon plaintiff at the infirmary mentioned for the removal of his tonsils, and that he undertook and agreed to render all medical aid and surgical treatment incident thereto; that he negligently failed to make a thorough examination of plaintiff's neck and throat. It further charges that the operation was performed in a negligent and careless manner without skill in that excessive force was applied to plaintiff's head, jaw and neck, and as a direct result therefrom plaintiff's jawbone was dislocated and the left side of the atlas vertebrae of his neck was fractured, crushed and dislocated, and that his physical condition by reason of these injuries became seriously aggravated and painful. Then follow allegations to the effect that plaintiff suffered great pain and anguish, and that in addition thereto and by reason of the treatment

plaintiff also suffered inconvenience and annoyance by reason of the unnatural poise or position of his neck and head, which unnatural position is permanent and will continue throughout plaintiff's life. Such allegations we believe to be sufficient to require defendant to plead to the merits and thus give plaintiff his day in court.

For the reasons stated the judgment of the lower court sustaining the demurrer of defendant Legge is reversed.

Knight, J., and St. Sure, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1924.

All the Justices concurred.