[Civ. No. 4632. Fourth Dist. May 25, 1953.]

LEO E. PIKE, Appellant, v. HERBERT LEE ARCHIBALD et al., Respondents.

V. P. DiGiorgio for Appellant.

Borton, Petrini, Conron & Brown for Respondents.

MUSSELL, J.—A general demurrer to plaintiff's complaint, in an action for wrongful death, was sustained without leave to amend and plaintiff appeals from the judgment which followed.

The principal question involved is whether the complaint filed May 8, 1952, states a cause of action. It is alleged therein, in substance, that the defendants were physicians and surgeons practicing in Bakersfield, holding themselves out to plaintiff and the public generally as being skilled in said profession and competent to perform such services as are usually and generally performed by physicians and surgeons; that plaintiff presented his minor son to defendants for medical treatment and the defendants undertook to render medical attention to said child, who had swallowed an unknown quantity of oil of wintergreen or other foreign substance; that the child was taken home after the first treatment and soon thereafter appeared to be in great pain; that the boy was then returned to defendants, at their request, for further treatment; that the following morning plaintiff was notified that his child had taken "a turn for the worse," and on arrival from his home, plaintiff was advised of the prior death of the child. It is then alleged on information and belief that the defendants failed and refused to take the prompt, necessary, usual and emergency medical steps which would have saved the life of his child and that his death was proximately caused by their said carelessness, inattentiveness and negligence; that as a result of the carelessness, inattentiveness and negligence of the defendants, plaintiff was damaged in the sum of $50,000.

This complaint states a cause of action for negligence against the general demurrer (*Davie* v. *Regents of University of Cal.*, 66 Cal.App. 689, 692 [227 P. 247]) and it was error to sustain the demurrer without leave to amend unless it can be

held that plaintiff is bound by the allegations of his complaint in a prior action filed in the same superior court. This prior action, filed in November, 1951, was against the county of Kern and others and defendant Herbert Lee Archibald was served as John Doe One. Plaintiff alleged therein that the John Doe defendants were agents and employees of the county of Kern and acting within the scope of their employment as doctors, nurses and attendants at the Kern County general hospital; that plaintiff presented his minor son to the emergency receiving room of the said hospital, specifically requesting the nurses and doctors therein to render medical attention to the said child; that the child had accidentally swallowed an unknown quantity of oil of wintergreen or other foreign substance; that in response to plaintiff's request, said doctors undertook to and did render medical attention to said child and that the child died while in said hospital. It was further alleged upon information and belief that the said hospital and said doctors failed and refused to take prompt and necessary medical steps which would have saved the life of the child; that his death was proximately caused by the carelessness and negligence of said doctors and nurses and as a result of the carelessness, inattentiveness and negligence of said hospital and said doctors, both as individuals and acting as agents and employees of the county, plaintiff was damaged in the sum of $50,000; that a claim was filed against the county and by it rejected. There are no allegations in said complaint that a claim was presented to or filed with the defendant doctors. A general demurrer by the county was sustained to this complaint without leave to amend and a judgment was entered that plaintiff take nothing by his complaint against the county of Kern. This judgment was filed in said court on December 24, 1951. On March 17, 1952, Herbert Lee Archibald, one of the defendants therein, filed a general demurrer and plaintiff thereupon, on March 28, 1952, dismissed the action.

The trial court evidently took judicial notice of the allegations of this complaint and granted defendants' motion to include it in the transcript on appeal. In this connection, it may be noted that while the general rule is that the court will not take judicial notice of other actions, not even those pending or concluded in the same court, and that the authority of a court to take judicial notice of its own records is limited to proceedings in the same case (*Wolfsen* v. *Hathaway,* 32 Cal.2d 632, 638 [198 P.2d 1]) it has been held that

the rule has many exceptions and that in the interests of justice, the court may take judicial notice of proceedings in other cases in the same court. (*Christiana* v. *Rose,* 100 Cal. App.2d 46, 52 [222 P.2d 891] ; *Estate of McSweeney,* 107 Cal. App.2d 140, 144 [236 P.2d 846].) In the instant case the prior proceedings were placed before the court by the memorandum of points and authorities submitted with the demurrer. (*Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 453 [207 P.2d 647].)

Appellant's sole contention on this appeal is that section 1981 of the Government Code applies only when the plaintiff claims he was injured by a public employee in the course of his employment. (Citing *Stewart* v. *McCollister,* 37 Cal.2d 203, 206 [231 P.2d 48].) This contention is correct as stated. However, it is not applicable here where the claim was made in the first action that plaintiff's son was injured by a public employee at the county hospital in Kern County. It clearly appears from the complaints in both actions that plaintiff, by his second suit, sought to avoid the requirements of section 1981 of the Government Code, which provides that whenever it is claimed that any person has been injured as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment, a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk of the legislative body. ■ Plaintiff is required by this section to present and file such claim with the officer or employee as well as with the legislative body and this is true although the action is brought against the employee individually. (*Huffaker* v. *Decker,* 77 Cal.App.2d 383 [175 P.2d. 254].)

A situation quite similar to that in the instant case was presented to the court in *Slavin* v. *City of Glendale,* 97 Cal.App. 2d 407 [217 P.2d 984]. In that case plaintiff first sued the city of Glendale for assault and battery committed by a police officer. A demurrer filed by the city was sustained without leave to amend. The plaintiff then amended his complaint by adding a separate and distinct cause of action against the officers individually. Thereafter a third amended complaint was filed similar to the preceding pleading except that the city was no longer named as a defendant. No claim was filed and the court sustained a demurrer as to defendant police officers without leave to amend. The court there said:

"Finally, appellant contends that the second cause of action, which was added after sustaining of a demurrer to the

original complaint, states a cause of action against the defendants as individuals; therefore, appellant should have been permitted to go to trial on that issue. It will be recalled that the original complaint stated but one cause of action,—against the defendant city and its police officers acting in an official capacity. The new cause of action against the individual defendants alleged the same acts of assault and battery but omitted the allegations that such persons were acting as police officers. By so doing it was obviously sought to by-pass the controversy concerning plaintiff's failure to file a claim. . . .

"The basic fact which must be recognized is that plaintiff's cause of action, however stated, was one for assault and battery committed by police officers of the city of Glendale. Plaintiff did not and could not allege that the required claim had been filed as required by the law, either within the 90-day period or at any other time. In an attempt to state a cause of action plaintiff drafted three different complaints which were substantially similar, to which demurrers were successively sustained. As stated in respondent's brief, 'appellant should not be allowed to breathe life into a complaint by omitting facts, previously alleged in a verified pleading, which made it fatally defective.' "

In *Lee* v. *Hensley,* 103 Cal.App.2d 697, 709 [230 P.2d 159], this court held as follows:

"The rule is that a defect in a verified complaint, by reason of an allegation which renders it vulnerable cannot be cured simply by omitting the allegation without explanation in a later pleading. (*Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]. See, also, *Williamson* v. *Joyce,* 137 Cal. 151 [69 P. 980]; *Neet* v. *Holmes,* 25 Cal.2d 447 [154 P.2d 854].) Facts once alleged cannot be withdrawn from consideration by merely filing an amended pleading omitting them without explanation. Accordingly, the court was fully justified in examining and considering the original complaint. (*Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825].)"

■ ■ While the rules announced in these cases were applied when amendments were filed to the complaints in the same actions, we conclude that where, as here, plaintiff sought to "by-pass" the controversy concerning his failure to file a claim by dismissing the first action and filing another in the same court, the rules announced are applicable. Plaintiff having claimed and alleged under oath, in the first action,

that the child was injured as a result of the negligence of the defendant doctors at the Kern County hospital and that the said doctors were employees of the hospital, acting as agents and employees of the county of Kern, is bound by such allegations. The law is well settled that a county is not liable for the negligent injury of a hospital patient (*Madison v. City & County of San Francisco*, 106 Cal.App.2d 232, 245 [234 P.2d 995, 236 P.2d 141]) and while plaintiff, in his first action, alleged that he suffered damages as a result of the carelessness and negligence of the hospital and said doctors, both as individuals and acting as agents and employees of the county, no specific facts are alleged therein showing individual and personal liability of the defendant doctors apart from acts done by said doctors while at the hospital and as employees thereof.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.