[Civ. No. 16397.   First Dist., Div. One.   Aug. 22, 1955.]

E. A. TALIAFERRO, Appellant, v. JULIA PRETTNER et al., Defendants; WILLIAM T. MARCOLLO et al., Respondents.

E. A. Taliaferro, in pro. per., for Appellant.

William T. Marcollo and Louis Cannelora, in pro per., for Respondents.

BRAY, J.—Plaintiff appeals from a judgment dismissing the case as to defendants Wm. T. Marcollo and Louis Cannelora, entered on an order striking the amended complaint from the files.

QUESTION PRESENTED

Did the court abuse its discretion in striking from the files an amended complaint which made no appreciable effort to

meet the objections which the court had sustained to the original complaint?

### RECORD

Plaintiff filed a complaint. Defendants Marcollo and Cannelora demurred.* Their demurrer was sustained with leave to amend. Thereafter plaintiff filed an amended complaint. Said defendants moved for an order striking it from the files and dismissing the action as to them. The court granted the motion. Thereupon judgment dismissing the cause as to said defendants was entered.

### AMENDED COMPLAINT—FIRST COUNT

It alleges that prior to July 26, 1950, plaintiff purchased from Thomas Atalic certain described real property; that during 1945 said Atalic informed plaintiff that delinquent taxes thereon were unpaid, the amount of which was unknown to plaintiff, and that the title would have to be quieted and that he proposed to have defendant Cannelora, who is an attorney at law, quiet the title; that the cost of quieting title and paying the delinquent taxes would be approximately $1,700, which sum Atalic proposed to advance ''for the account of said plaintiff,'' and which plaintiff could repay at his convenience. Said sum of $1,700 was charged by Atalic against plaintiff on Atalic's books. Atalic made no demand upon plaintiff for payment of said sum. He died a short time prior to July 26, 1950. About that date Carl Atalic and Martin Atalic told plaintiff they were the executors of Thomas Atalic's estate and had discovered among his accounts sums of money owing from plaintiff; that taxes upon the properties occupied by plaintiff at the Davis Auto Exchange in the city of San Pablo (it is not clear as to whether this is the same property above mentioned) had accumulated and that it would be necessary for plaintiff to execute to the Atalic estate a note and a deed of trust in order to clear the title and all charges against the property purchased from Thomas and occupied by plaintiff at the Davis Auto Exchange and to enable them to properly probate Thomas' estate.

On July 26, 1950, plaintiff signed a note (whether to Thomas' estate or to Carl and Martin does not appear) in the amount of $3,025.56 relying upon said statements of Carl and Martin and in full belief that they would pay all charges of

---

*Although Julia Prettner is charged in both complaints as a defendant and fictitious named defendants are included, apparently the only defendants appearing in the case are Marcollo and Cannelora.

quieting title to the described lots and the taxes current or delinquent. He gave as security therefor a deed of trust on the Davis Auto Exchange property. Julia Prettner, an heir of Thomas, succeeded to the title of said note and deed of trust. About December 23, 1952, said Julia served notice on plaintiff that she would sell all properties covered by said deed of trust at trustee's sale unless plaintiff paid her $4,828.07, being the principal of said note, accumulated interest and taxes, ''including the sum of $350.00 as and for attorneys fees for the firm of Marcollo, Cannelora and Marcollo.'' (Whether this was fees for the quiet title action or in connection with the note or deed of trust does not appear.) Plaintiff paid said sum under duress, compulsion and threat of sale of said properties owned by him at the site of Davis Auto Exchange in order to save title to his said properties and to prevent interruption of his business and deprivation of possession of his business properties. Plaintiff is informed that said quiet title proceeding was never completed, the taxes on plaintiff's properties were never paid, and that said note was entirely devoid of consideration. Plaintiff signed said note on the basis of misrepresentation and fraud and paid ''to the firm of Marcollo, Cannelora and Marcollo, said sum of $4828.07 as a direct and proximate result thereof.'' The sum of $350 paid to said firm (by whom does not appear) as and for attorney's fees was illegal, unlawful and excessive (in what respect does not appear), and the acts of all defendants were willful and malicious. Plaintiff then asks judgment for $4,828.07 as compensatory damages and $20,000 punitive damages.

This count is identical with the allegations of the original complaint as to which a demurrer, both general and special, was sustained. As to this count the court was justified in ordering it stricken as a cause of action, as plaintiff had no right, after the sustaining of a demurrer to the original complaint, to file an amended complaint merely repeating the allegations of the original complaint without change or amendment. If the court erred in sustaining the demurrer to the original complaint plaintiff's remedy was to stand on it, permit a judgment to be entered, and then appeal, and not by again filing the same complaint.

### Second Count

Plaintiff incorporates by reference all the allegations of the first count and then alleges that at the time of the collection of

said $4,828.07 defendants were acting as the agents of Julia Prettner and the other defendants (fictitious named defendants). It is not alleged that said defendants have not paid said sum to their principals. Plaintiff is informed that at all times said defendants acted with full knowledge of all matters alleged. Again the prayer is for $4,828.07 as compensatory damages and $20,000 punitive damages.

None of the ambiguities and uncertainties specified in the demurrer to the original complaint is cleared up. Nor was any attempt made to join Carl and Martin Atalic, the only persons alleged to have made the misrepresentations or promises. This defect in parties defendant was one of the grounds of the demurrer.

It is very difficult to spell out even the nucleus of a cause of action against defendants. Even though such a possibility exists, it does not affect the real question here, which is whether the trial court abused its discretion in striking the amended complaint when no serious effort was made to meet the objections sustained to the first complaint. The only change made was to increase the ambiguities and uncertainties, still without pleading a cause of action against defendants.

The courts are, and should be, liberal in allowing pleadings to be amended, but when, as here, the court reasonably concludes that the plaintiff has made no real effort to comply with the permission once given him to amend his complaint, the amended complaint becomes nothing but a sham. The court is not required to give him another opportunity. The situation here is quite similar to that in *Neal* v. *Bank of America*, 93 Cal.App.2d 678 [209 P.2d 825], where the court held the amended complaint to be a sham justifying the trial court in striking it from the files and dismissing the action. As there said, ''No attempt is made to state new facts, or to state the facts more fully, or to bring in any new parties. . . . [I]n determining defendant's motion, the court was fully justified in examining and considering the original complaint. [Citations.] So considered, the 'amended' complaint was no better than the original complaint. . . . [T]he courts have inherent power, by summary means, to prevent frustration, abuse, or disregard of their processes. . . . The fundamental principle running through the cases is that a court is not required to tolerate a purported amended complaint which fails to amend the previous pleading, is not filed in good faith, is filed in disregard of established procedural requirements,

or is otherwise violative of orderly judicial administration." (Pp. 682, 683.)

Just as in *Wilson* v. *Shea*, 194 Cal. 653, 659 [229 P. 945], where the trial court's order striking an amended complaint from the files was affirmed, the amended complaint here "utterly fails and in fact does not attempt to remedy the defects" in the plaintiff's previous pleading and "is in all its essential averments but a repetition" thereof.

■ Under the circumstances of this case, the fact that plaintiff is a layman and appeared in propria persona, would not compel the trial court to give him another chance to amend.

The court had jurisdiction to strike plaintiff's amended complaint on the ground that it was frivolous and a sham. The order was clearly not an abuse of discretion. The complaint having been stricken, the judgment of dismissal was, of course, proper.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied September 21, 1955, and appellant's petition for a hearing by the Supreme Court was denied October 19, 1955.