[Civ. No. 23007.   Second Dist., Div. Two.   July 29, 1958.]

LEONA   LEGG,   Appellant,   v.   MUTUAL   BENEFIT
HEALTH AND ACCIDENT ASSOCIATION (a Cor-
poration) et al., Respondents.

Leona Legg, in pro. per., for Appellant.

J. Edward Haley for Respondents.

ASHBURN, J.—Plaintiff-appellant appears in propria persona upon appeal from a judgment of dismissal entered pursuant to an order sustaining without leave to amend defendants' demurrer to her third amended complaint. Appellant has managed to make the appeal a difficult one for the court because her briefs, like the complaint, consist of sentences almost devoid of syntax, composed of words without definitive meaning, used in an effort to express confused cross-currents of thought.[1]

The complaint is in three counts, each of which is baffling.

First Count. Conversion of an insurance policy (Lifetime Income Protection Contract of Insurance No. NS-349684-44, Policy Form 104NS) issued to her by defendant Mutual Benefit Health and Accident Association on November 7, 1944. The policy was executed in duplicate and the original kept by the company with duplicate delivered to plaintiff. She was injured on February 6, 1948, and permanently disabled. The company paid her $100 for one month's benefit and on January 7, 1954, advised her that it had "converted" her contract "into a different kind of contract for its own use." On this basis plaintiff alleges that defendant "seized and converted" the contract and "stole and disposed of said property," to plaintiff's damage in the amount of $60,000 "ensueing in indemnity accruements." The charge of conversion seems to be a play upon words. The complaint contains a copy of the policy which appellant's brief says was attached in the process of amendment. Nowhere does it appear that the duplicate policy ever left plaintiff's hands. In the second count plain-

---

[1] The following passage is a fair example: "That appellant alleges upon information and belief and as to those matters thereof that she believes it to be true that the court in his abuse of reference, cited and relied upon the authority of the case of *Taliaferro* v. *Prettner, supra,* and under its rulings in items (a) (b) (c) (d) (e) and (f) as aforesaid, inured as applicables to the position of the appellant in comparison to this respondent's position*n* as a Donner-politically with pre-arranged judgement as recompense to the extent of the concern of financial interests."

tiff says that defendant on said January 7, 1954, advised her that no part of her premiums had been "processed" to this policy 104NS. In the third count it appears that plaintiff had two policies. Hence it *seems* that the alleged conversion consisted of a claim that premiums on policy 104NS had not been paid and for some reason and in some manner the policy had been "converted" into a different form.

■ The demurrer is not in the record before us, but appellant's brief says it was general and special. Certainly a specification of uncertainty in the allegation of wrongful conversion would lie. Both sides agree that the trial judge, in making the ruling under review, relied upon *Taliaferro* v. *Prettner,* 135 Cal.App.2d 157 [286 P.2d 977]. The minute order cites it. That case deals with a failure to amend in good faith after leave granted. At page 157 the court said: "Did the court abuse its discretion in striking from the files an amended complaint which made no appreciable effort to meet the objections which the court had sustained to the original complaint?" At page 160: "The courts are, and should be, liberal in allowing pleadings to be amended, but when, as here, the court reasonably concludes that the plaintiff has made no real effort to comply with the permission once given him to amend his complaint, the amended complaint becomes nothing but a sham. The court is not required to give him another opportunity." At page 161: "Under the circumstances of this case, the fact that plaintiff is a layman and appeared in propria persona, would not compel the trial court to give him another chance to amend.

"The court had jurisdiction to strike plaintiff's amended complaint on the ground that it was frivolous and a sham. The order was clearly not an abuse of discretion. The complaint having been stricken, the judgment of dismissal was, of course, proper."

The previous complaints are not in the record and hence we have no way of judging the soundness of the discretion exercised in the present instance. Of course, the burden rests upon appellant to establish an abuse of discretion.

■ Respondent relies upon previous judgments (*Legg* v. *United Benefit,* 136 Cal.App.2d 894 [289 P.2d 553] and *Legg* v. *Mutual Benefit,* 136 Cal.App.2d 887 [289 P.2d 550, 290 P.2d 87]), and the dismissal of an appeal from judgment rendered in defendants' favor after retrial of *Legg* v. *Mutual Benefit, supra.* The complaint contains no reference to any such former suits (the demurrer is not in the transcript) but

appellant's reply brief helps respondent in this respect (see *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 713 [134 P.2d 800]). It says at page 17, "plaintiff was at liberty to sue defendants for damages resulting from the original injuries to collect disability benefits see— *Legg* v. *Mutual Benefit et al.,* 136 Cal.App.2d 887) and was at liberty to sue the same defendant and associated conspirators for damage resulting from subsequent injuries, in the second action Civil No 671657," the number of the present action upon the superior court records. The same brief also says, at page 22, with respect to *Legg* v. *Mutual Benefit* : "This action was brought to collect disability benefits, a trial was had thereon and commenced on January 7th, 1954 the date on which plaintiff had learned for the first time through testimony of defendants on the trial of this action that the defendants in this case Number 671657 had fraudently [sic] conspired to—and did convert plaintiff's policy contract and in unison therewith fraudulently conspired to—and did wrongfully apprperate [sic] plaintiff's premium .accruals in cash to their own use for unjust enrichment at plaintiff's expense." It is further said, at page 23, with respect to the new trial therein : "A trial was had thereon and again testimony was given that the contract was converted to the effect that the contract no longer existed (reference to reporter's transcript, the testimony of Maurice Siegel, Willim Worthing, 1954 Court of Arthur Crumm, Judge) a judgment was rendered adverse to the plaintiff from which an appeal was pending. . . . nevertheless the District Court dismissed this appeal based on the grounds of conjecture favorable to defendant. Civil No 22266 2nd Dist." Thus it appears that appellant has been defeated in a suit upon the policy and in this indirect manner a plea of res judicata has been made good upon demurrer. (*Cf. Pike* v. *Archibald,* 118 Cal.App.2d 114, 116 [257 P.2d 480].)

The second cause of action asserts breach of trust. The charge seems to be that plaintiff paid premiums in advance but defendant did not apply them to the policy in question. The charge that the moneys were received in trust is a bald conclusion, not supported by the underlying facts. The worst that appears is a breach of contract. That question was necessarily involved in the above mentioned action on the policy.

The third count charges conspiracy between the various defendants, repeats most of the charges of the first and second

counts as overt acts done pursuant to the conspiracy, and adds new allegations which probably give a clue to the refusal of defendant to pay more than $100 after plaintiff's injury. It is averred that after the injury plaintiff was advised that policy 104NS was payable only if no other income protection was available to her, that California State Disability insurance was available for a specified period and payments under 104 NS would be withheld so long as plaintiff was eligible for state payments. This count does not state a cause of action because it does not factually aver any wrong committed pursuant to the alleged conspiracy. (11 Cal.Jur.2d, § 47, p. 272.)

The notice of appeal specifies as the subjects of appeal the judgment, the ''Order of the above entitled court made and entered on the decision of the complaint and from the Striking of the Complaint from the Files and from the whole of said Order, and from the validity of the decision and legal process of the court rendered in the above entitled cause.''

The judgment is affirmed; the attempted appeal from the other nonappealable matters is dismissed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 18, 1958, and appellant's petition for a hearing by the Supreme Court was denied September 24, 1958.