[Civ. No. 24415. Second Dist., Div. One. July 8, 1960.]

LEONA LEGG, Appellant, v. UNITED BENEFIT LIFE INSURANCE COMPANY OF OMAHA (a Corporation), Respondent.

574

Leona Legg, in pro. per., for Appellant.

J. Edward Haley for Respondent.

LILLIE, J.—Appeal has been taken by plaintiff from a judgment of dismissal entered upon an order of the trial court sustaining without leave to amend defendant's demurrer to her complaint.

Preliminarily appellant complains that on the hearing of the demurrer the lower court, although allowing defendant to argue, "did not permit the plaintiff to argue or object to the demurrer filed by the defendant"; and that the within judgment was entered "on an ex parte application of defendants without written notice" to her, and thus was "erroneous and corrupt." The record before us lends no support to appellant's first claim of error; and the law clearly defines that no notice is necessary in connection with the second.

Not only did appellant file with the lower court, prior to the hearing on the demurrer, her written arguments in opposition thereto and a document entitled "Points and Authorities in Resistance to Demurrer of Defendants" (a part of the record before us), but present at the hearing on the demurrer in "Propria Persona" (Minute Order, April 13, 1959), she actually argued in opposition to the demurrer (Judgment of Dismissal, April 14, 1959). Relative to her contention that she received no notice that the judgment of dismissal was to be entered, it is clear that in the absence of a request for reconsideration after a demurrer is sustained without leave to amend the law requires neither a formal motion to dismiss (*Michaels* v. *Mulholland*, 115 Cal.App.2d 563 [252 P.2d 757]) nor notice thereof (*Oppenheimer* v. *Deutchman*, 132 Cal.App.2d Supp. 875 [281 P.2d 650]). The entry of the judgment of dismissal under these circumstances follows as a matter of course (*Berri* v. *Superior Court*, 43 Cal.2d 856 [279 P.2d 8]).

Appellant appears herein in propria persona. Her briefs, devoted mainly to circumventing the real issue and vilifying both the lower court and opposing counsel, lend us little or no assistance.

The complaint under attack, and filed March 12, 1959, is on an insurance policy issued in October of 1948, under which she seeks monthly disability payments for an injury she suffered in February, 1947. It is apparent from the face of the complaint that issues arising out of this same insurance

contract and injury have been previously litigated between the same parties. At the outset plaintiff in her pleading directly raised the issue of res judicata by reciting preliminarily that "*(I)n this case*" several amended and supplemental complaints for accrued disability benefits under the same policy were filed in action No. 541710, and a judgment of dismissal was entered on her sixth amended and supplemental complaint under section 583, Code of Civil Procedure; that said cause was "erroneously and fraudulently" dismissed; and that "this judgment entered thereon is not res judicata to any *subsequent* monthly disability benefits accrueing (*sic*) thereafter under said contract so long as plaintiff lives and suffers total loss of her time" (emphasis added). Plaintiff then proceeded to state her cause of action against defendant United Benefit Life Insurance Company for "Subsequent Accrued Disability Benefits Under Said Policy Contract." She alleged that on October 28, 1948, in consideration of payment of a premium to "defendant *Mutual Benefit Life Insurance Company of Omaha*" she was delivered its policy of health and accident insurance which she "incorporates herein by reference mutatis mutandis as though fully set forth herein in the several copies of documents identified as Exhibits in case No. 541710 aforesaid, as follows:

"1. Exhibits, Case No. 541710, Legg v. United Benefit Et Al.
　　(a) Insurance Policy No. UTR100—Plaintiff's Exhibit No. 1.
2. Exhibits, Case No. 540669, Legg vs Mutual Benefit Et Al.
　　(b) Receipt Plaintiff's Exhibit No. 2.
　　(c) Receipt, Plaintiff's Exhibit No. 3.
　　(d) Receipt, Plaintiff's Exhibit No. 4.";

that on February 6, 1947, while "said policy contract of health and accident insurance" was in force she received personal injuries by accidental means which have wholly and continuously disabled her; that she is continuously under the care of a physician and suffers total loss of time from her occupation; that upon receiving said injuries she gave notice to defendant and demanded it pay all sums accruing under her policy; that said policy provides, in event of disability, payment to her of $100 per month; that defendant has refused to pay the same except the sum of $100; and that "since the fraudulent entry of the judgment under Section 583 C.C.P, subsequent accrued disability benefits have become

due to plaintiff from said defendant under said said (*sic*) policy to the date hereon in the sum of $3,045.63, plus costs''; and prayed for the same plus payments thereafter accruing.

The demurrer alleged (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) improper joinder of causes of action; and that the complaint is (3) ambiguous; (4) unintelligible; and (5) uncertain in that it cannot be determined from a reading thereof the nature of plaintiff's action or claimed liability of the defendant; the nature and date of the judgment rendered in case Number 541710, or in what court it was rendered, or the nature of the dismissal; and the nature or contents of the documents relied upon or their terms and conditions.

Nothing further, except the written points and authorities relative to the demurrer submitted to the trial court, the minute order and the judgment of dismissal is contained in the record before us.

The special demurrer was properly sustained. Claiming she received an injury in 1947 ''while said policy contract of health and accident insurance was in full force and effect,'' she nevertheless bases her right to recovery on a contract of insurance issued a year later in 1948. Plaintiff, suing one defendant, United Benefit Life Insurance Company of Omaha and for her cause of action against it, relies on a policy of health and accident insurance issued by another ''defendant,'' Mutual Benefit Life Insurance Company of Omaha, not a party to the within action. No explanation thereof is contained in her complaint and nothing therein makes defendant United Benefit Life Insurance Company of Omaha a party to any contract upon which she bases her cause of action; nor does she set forth in, or attach to her pleading, the contract of insurance upon which she claims this defendant is liable. Her only reference to any contract is that briefly made to certain documents identified only as ''exhibits'' in other prior cases—*Legg* v. *United Benefit Life Ins. Co.* (No. 541710), 103 Cal.App.2d 228 [229 P.2d 454]; 136 Cal.App. 2d 894 [289 P.2d 553]; and *Legg* v. *Mutual Benefit H. & A. of Omaha* (No. 540669), 136 Cal.App.2d 887 [289 P.2d 550]. It cannot be determined from the face of the complaint what kind of documents these ''exhibits'' constitute; if they are contracts, their terms or contents; the nature of plaintiff's claim thereunder or this defendant's liability; the nature, conditions, or contents of the insurance policy upon which the liability of defendant purportedly rests; and

whether said insurance policy is still in full force and effect. "Records and papers cannot be made a part of a pleading by merely referring to them, and praying that they may be taken as a part of such pleading, without annexing the originals or copies as exhibits or incorporating them with it so as to form a part of the record in the case." (*People* v. *De La Guerra,* 24 Cal. 73; 39 Cal.Jur.2d, § 56, *pp. 85, 86).*

 In this connection we refrain from discussing whether the trial court abused its discretion in denying plaintiff leave to amend inasmuch as a far more serious situation arises out of the issue plaintiff herself has raised in the preliminary recital of her complaint. It is apparent that, to justify her filing of the suit in the first instance and to avoid an adverse ruling on a demurrer, plaintiff assumed the burden of proving her action was not barred by raising the issue of res judicata on the face of her complaint, which she knew would eventually be pleaded against her. In doing so, she approached the matter in a purely negative way and, vague in her reference to prior litigation, alleged only that which she thought was necessary to by-pass a demurrer; but it appears that her evasive method of pleading provided the very means of defendant's successful attack on her complaint, entirely defeating her cause of action. The recital at the outset of her pleading entitled "Identification of the Case before the Entry of Judgment" was an obvious attempt to summarily dispose of the issue of res judicata and avoid the application of the doctrine to the instant suit without allowing inquiry into the true nature of the vast number of cases filed by plaintiff since 1947 involving the same insurance contract, injury, parties and issues disposed of adversely to her, which litigation would bar recovery in the instant case—by alleging that the judgment entered in *Legg* v. *United Benefit Life Ins. Co.,* No. 541710, is not res judicata to any payments under the insurance contract falling due *subsequent* to the entry of judgment, thereby in effect conceding that the judgment constitutes a bar to all matters arising under the same insurance contract prior to its entry. A careful reading of her entire complaint supports the conclusion that plaintiff *in effect conceded that she is barred by her first action,* Number 541710, from now proceeding against the policy to recover anything but disability payments which may have accrued since the entry of the judgment of dismissal in that case; for she predicated her entire cause of action upon defendant's liability for disability payments on the policy since the dismissal was entered. The prayer in her complaint is

for the sum of $3,045.63, plus future payments, which sum represents "subsequent accrued disability benefits (which) have become due to plaintiff from said defendant under said policy" to date "since the fraudulent entry of the judgment under Section 583 C.C.P.," in case Number 514710 (Complaint, Paragraph IX). It is clear that she seeks nothing under the policy prior to the date judgment was entered (whatever that may be), asserts that "(I)n this case" (Complaint, (a), p. 1) a judgment of dismissal was entered, and alleges that "this judgment thereon is not res judicata to any subsequent monthly disability benefits accrueing (sic) thereafter under said contract so long as plaintiff lives and suffers total loss of her time" (Complaint (c), pps. 1-2).

By referring to the judgment entered "(I)n this case" she directly identified case Number 541710 as involving the same parties, insurance contract, injury and issues plaintiff has placed before the court for consideration in the instant complaint, which identity is borne out by her reliance in her complaint on the same exhibits as those entered in prior cases Numbers 541710 and 540669. And her further allegation that the judgment in Number 541710 "is not res judicata" to any subsequent liability on the insurance policy leads to the conclusion that she concedes that the judgment operates as a bar precluding the court from a consideration of the same issues in connection with the instant case.

Whether this be in fact true we do not know, for plaintiff has not only failed to allege in her complaint the date of the judgment, its nature, and what issues, if any, were actually determined, but has failed to include any of the pleadings in that or in any other case in the record before us. Inasmuch as we cannot determine from the record before us if there was a hearing on the merits in Number 541710, or if the judgment of dismissal referred to by her in that case was one for want of prosecution, we are willing to accept her position, right or wrong, as she sets it out in her complaint. It might well be that the line of authority set forth in *Lord* v. *Garland*, 27 Cal.2d 840, at page 850 [168 P.2d 5], that a judgment dismissing the prior action for want of prosecution as not one upon the merits does not bar a subsequent action upon the same, applies. However, plaintiff in her complaint seems to have settled the issue by submitting to the application of the doctrine of res judicata any matter relating to prior liability under the insurance contract and seeking only subsequent payments thereunder.

This creates for plaintiff the dilemma of having to prove the existence of the original insurance contract upon which she now relies, and defendant's liability thereunder, in order to sustain her present claim to continuing disability payments under the policy, which she has precluded herself from proving because of the bar. This she recognizes, for she argues that "successive actions may be made upon the same contract or transaction whenever, after the former action, a new cause of action arises therefrom," citing section 1047, Code of Civil Procedure, and cases in support thereof.

■ Although it is true that section 1047 recognizes the right to maintain a new action for a continuing breach of a continuing obligation, it is also well established that the continuing breach necessarily implies a continuing duty (*Abbott v. 76 Land & Water Co.*, 161 Cal. 42 [118 P. 425]). But it is difficult to understand how the original liability upon which the subsequently accrued payments are predicated can be established if plaintiff is barred from proving the same.

■ Thus, if the breach of duty has been established adverse to her in a prior case between the same parties, or has not been established at all and could have been, or if it has been established and plaintiff is barred from again suing on it, then none, if it exists today, can be proved upon which suit may be maintained. No change of fact introducing any new element was alleged by plaintiff and as far as can be ascertained from her complaint, the legal rights and relations of the parties remain as before the entry of judgment in case Number 541710. ■ In fact she concedes the conclusive effect of the prior judgment on all but payments accruing. But payments cannot continue to accrue if there is no basic liability. ■ In any event where a defense successfully set up in a former action involves the whole merits of an underlying contract, the judgment is a complete bar to subsequent actions to recover any further payments (*English v. English*, 9 Cal.2d 358 [70 P.2d 625, 128 A.L.R. 467]; *McManus v. Bendlage*, 82 Cal.App.2d 916 [187 P.2d 854]).

■ In raising the issue of res judicata on the face of her complaint and relying on several prior actions (No. 541710 and No. 540669), plaintiff has not only directly allowed the plea of res judicata to be raised on demurrer by defendant (*Legg v. Mutual Benefit Health & Accident Assn.*, 162 Cal. App.2d 409 [327 P.2d 943]; *Pike v. Archibald*, 118 Cal. App.2d 114 [257 P.2d 480]), but has permitted the trial court to take judicial notice of the actions referred to by her even

though the proceedings therein may not be in the same case (*Pike* v. *Archibald, supra,* 118 Cal.App.2d 114; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448 [207 P.2d 647]). The issue of res judicata directly raised by plaintiff in the complaint and by defendant on demurrer, is here again argued on appeal; and it appears from the face of the pleading that she has been previously defeated in a suit for the same injuries on the same policy; and in this manner the plea of res judicata has been made good upon demurrer (*Legg* v. *Mutual Benefit etc. Assn.,* 162 Cal.App.2d 409 [327 P.2d 943]).

Plaintiff also alleged in her complaint the prior action of *Legg* v. *Mutual Benefit H. & A. of Omaha,* No. 540669, upon which she relied for use of certain exhibits entered therein. ▆▆▆ Here again she pleaded matters which had previously been before the trial court and had been decided by it, the records of which case the trial court could properly judicially notice (*Pike* v. *Archibald,* 118 Cal.App.2d 114 [257 P.2d 480]); and "the rule is well settled that a complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective" (*Watson* v. *Los Altos School Dist.,* 149 Cal.App.2d 768, 771 [308 P.2d 872])—this on the theory of "truthful pleading," that the pleader should not be allowed to by-pass a demurrer by suppressing facts which the court can judicially notice.

It would serve no useful purpose to recall the extended litigation during the past dozen years between plaintiff, Mutual Benefit Insurance Company of Omaha and this defendant, and the number of cases filed by her. Although California Appellate and California Reports are replete with appeals she has taken from judgments adverse to her in these cases, and it is obvious from a reading of the decisions therein that the basic rights and duties of the parties urged in this action have heretofore been determined on their merits, none of the records relating to these cases are before us; the previous complaints and judgments are not in the record and hence we have no way of judging the soundness of the discretion exercised in the present instance (*Legg* v. *Mutual Benefit etc. Assn.,* 162 Cal.App.2d 409, 411 [327 P.2d 943]). ▆▆▆ Of course, the burden rests upon appellant to establish an abuse of discretion of the trial court in not granting leave to amend (*Legg* v. *Mutual Benefit etc. Assn., supra,* 162 Cal.App.2d 409; *Broadway Fed. etc. Loan Assn.* v. *Howard,* 133 Cal.App.2d 382 [285 P.2d 61]; *Harrison* v. *Han-*

*son,* 165 Cal.App.2d 370 [331 P.2d 1084]). She has failed to assume her burden in the instant case.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 1, 1960.