Filed 10/6/15  Campbell v. Bank of America CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GEORKESHIA DENISE CAMPBELL,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>BANK OF AMERICA, N.A.,<br><br>        Defendant and Respondent. | B256915<br><br>(Los Angeles County<br>Super. Ct. No. BC514092) |

        APPEAL from a judgment of the Superior Court of Los Angeles County. Elizabeth Allen White, Judge.  Affirmed.

        Georkeshia Denise Campbell, in pro. per., for Plaintiff and Appellant.

        Bryan Cave, Glenn J. Plattner, and Nicole Gates, for Defendant and Respondent.

_____

The trial court sustained defendant Bank of America's demurrer to Georkeshia Campbell's second amended complaint, without leave to amend. Campbell appeals from the judgment of dismissal. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2013, Campbell filed a complaint against Bank of America, At Your Service Property Management, and four individual defendants. Although the complaint was filed on a judicial council form for a contract action, Campbell indicated she was asserting a cause of action for "professional negligence of the professional corporation to supervise employees." She also attached a cause of action for fraud in which she alleged Bank of America provided a summary of a lending agreement that was not associated with her lending agreement with the company. The complaint further alleged Bank of America "intentionally forwarded incorrect, misleading, fraudulent documentation that concealed the factual lending terms."

Bank of America demurred to the complaint. According to the demurrer and judicially noticed documents, in 2007, Campbell and Kathleen Estes obtained a $74,500 loan from Bank of America, secured by a Deed of Trust against Campbell's property. In December 2011, the property was sold at a Trustee sale. Bank of America argued the cause of action for professional negligence failed because the complaint did not allege any facts to support the claim, the complaint did not allege a breach of duty or damages resulting from Bank of America's conduct, and, in any event, Bank of America could not be liable because a lender owes no duty of care to its borrower. Bank of America additionally argued the complaint failed to plead fraud with the requisite specificity and did not allege facts showing reliance or damages. Finally, Bank of America asserted the court should sustain a special demurrer to the complaint because it failed to join an indispensable party—Estes—and was uncertain, ambiguous, and unintelligible.

The trial court concluded the complaint failed for uncertainty, in that it was "entirely unclear what Plaintiff is alleging against which defendant." The court sustained the demurrer with leave to amend.

In February 2014, Campbell filed a first amended complaint. The complaint again asserted a cause of action for "professional negligence." The complaint alleged Bank of America "altered the existing mortgage loan, and agreement, with respect to how payments received are allocated; without any prior engagement to do so." The complaint further alleged Bank of America "refused to [accept] and process the mortgage [payments], as submitted by the Plaintiff . . . and co-borrower Kathleen Estes, on three separate occasions, during the financial fiscal [years] of 2007-2008." According to the complaint, in 2008, Bank of America notified Campbell that her lending agreement had been changed to reflect an interest only loan, but the bank failed to respond to the "repeated notifications and re-determinations" she sought regarding the loan. Elsewhere, the complaint alleged Bank of America changed the loan from a conventional mortgage to an adjustable rate mortgage "that was not associated with, nor sought to be entered" by Campbell or Estes.

However, the majority of the complaint contained statements that were disjointed or conclusory. The complaint alleged all of the other defendants conspired with Bank of America to deprive Campbell of her rights once she discovered the "lending agreement package had been altered to include a lending agreement that had not been active, corresponding account's [*sic*] identification, lending agreement terms and conditions of services[.]"[1] The complaint charged the defendants, additional individuals, and the Los Angeles County Sheriff's Department were in some way related to Campbell and others suffering a "home invasion robbery." The complaint sought $900,000 in damages, and the return of property removed from her residence. According to the complaint, Campbell's mortgage was foreclosed upon in 2006; elsewhere the complaint complained

---

[1] The first amended complaint alleged Campbell notified various authorities of Bank of America's actions. This included a complaint to the United States Department of Justice, and a complaint filed in the United States District Court. In successive demurrers, Bank of America asserted Campbell had filed 10 suits in the previous two years. The demurrers did not indicate whether any of the suits related to the allegations at issue in the instant matter.

3

of alterations to a mortgage entered in 2007. One page of the complaint simply recounted the complaints Campbell had filed with Bank of America and various authorities.

Bank of America demurred, asserting the same arguments advanced in the first demurrer. The trial court sustained the demurrer with leave to amend the professional negligence cause of action. The court concluded the complaint did not allege facts that would give rise to a duty owed to Campbell, and failed to allege "the manner of the breach of that duty giving rise to damages." The court further concluded the complaint was uncertain because it was still "unclear what Plaintiff is alleging against which Defendant."

In April 2014, Campbell filed a second amended complaint asserting a claim for "professional negligence and retaliation." In addition to the allegation that Bank of America altered Campbell's "mortgage lending agreement," the second amended complaint alleged that in late 2007, Bank of America collected and invoiced Campbell and Estes for "full property tax fees" despite a reduction in property taxes that resulted after a property reassessment. In addition, the complaint asserted that in June 2009, while Campbell was making a payment by phone, Bank of America informed her that the mortgage agreement and payment had been changed, an optional payment was no longer available, it would not accept the phone payment, and Campbell was required to remit payment in excess of the "formal agreement amount." The complaint alleged that had Bank of America and the loan servicer acted "as originally agreed," and "as a professional organization with standards," Campbell would not have been the victim of a home invasion robbery and her minor child would not have suffered "emotional and mental abuse."[2]

---

[2] The complaint continued: "[F]urthermore, well over $650,000 personal belongings, $3,000,000 employment violations case proceedings against the Plaintiff's Georkeshia Denise Campbell employer being stolen [*sic*], including the following who have suffered adversely and monetarily, Kathleen Estes, and Katelyn Anaya Jackson, from being stolen by the co-defendants within this complaint and their affiliates, also the illegal transferring of legal rights of property real and otherwise."

4

The complaint alleged that at some point before 2006, Campbell and her co-borrower complained about misappropriation of mortgage payments and unauthorized alterations to the mortgage agreement. According to the complaint, the lender "terminated the employees involved and corrected the mortgage account errors immediately." However, the complaint asserted that after a merger of Countrywide and Bank of America, "several adverse actions began to transpire, such as misallocation of payments, and notification of none [*sic*] payments as early as 2007-2008." The complaint alleged: "Upon notification of these adverse actions being carried out, Bank of America representatives have been in receipt of these complaints and have failed to act and cease all retaliation of the current and former employees that had been terminated and rehired during the merger and immediately after[.]"

Bank of America demurred to the second amended complaint, asserting primarily the same arguments advanced in the first and second demurrers. Campbell opposed the demurrer, but the opposition largely restated the language in the complaint.[3] Campbell also asserted: "The complaint initially filed does hereby assert of non-valid causes of actions brought about defendant Bank of America, were their negligent act's has attributed to the unlawful actions of their employee's, affialtes, and investors, such as filing of fraudulent notices of default, where no action was warranted to proceed. As I shall reiterate for the record, I refuse to be party to any unlawful actions, be party to committing of any crime. . . . Bank of America and the Court has retaliated against the plaintiff and co-borrower, for reporting of such actions, of conspiracy with court employees and law enforcement to induce of fraudulent cases, to extort of funding."[4]

---

[3]     Although Campbell filed oppositions to the first and second demurrers, the trial court order sustaining each demurrer indicated no opposition was filed. The earlier oppositions appear to have been untimely filed—each was submitted only one or two court days before the demurrer hearing. (Code Civ. Proc., § 1005(b) [all opposition papers must be served and filed at least nine court days before the hearing].)

[4]     Spelling and grammar is quoted as reflected in the original document.

5

In June 2014, the trial court sustained the demurrer as failing to plead facts stating a cause of action for professional negligence against Bank of America. The court again noted there were "insufficient facts pled to give rise to a duty owed to Plaintiff and the manner of the breach of that duty giving rise to damages." The court further concluded the complaint was fatally vague and uncertain, rendering it impossible for the defendant to reasonably respond. This appeal followed.[5]

## DISCUSSION

### I. The Trial Court Properly Sustained the Demurrer Without Leave to Amend

Campbell contends the trial court erred in sustaining the demurrer without leave to amend. We disagree.

When reviewing an order sustaining a demurrer without leave to amend, "we determine, independently of the trial court, whether, assuming the facts alleged in the complaint are true, a cause of action has been or can be stated." (*Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, 919, citing *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "We construe the complaint 'liberally . . . with a view to substantial justice between the parties' (Code Civ. Proc., § 452) and treat it ' " 'as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context . . . ." ' [Citations]." (*Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 304 (*Rufini*).)

"If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer." (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26,

---

[5] The hearing on the demurrer was held on June 3, 2014. Campbell filed a notice of appeal on June 12, 2014. On June 20, 2014, the trial court signed an order sustaining the demurrer without leave to amend. On June 30, 2014, the court entered a judgment of dismissal with prejudice. Thus, although Campbell's notice of appeal was prematurely filed, we treat the notice of appeal as filed immediately after the subsequent entry of judgment. (Cal. Rules of Court, rule 8.104(d).)

38.)  On the other hand, if the trial court relied on an improper ground in sustaining the demurrer, the reviewing court will still affirm if a proper ground for sustaining the demurrer exists, "whether or not the defendants asserted the proper ground in the trial court."  (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 880, fn. 10.)

"When the court sustains a demurrer without leave to amend, ' "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff." [Citations.]' [Citation.]  Whether the plaintiff will ultimately be able to prove the complaint's allegations is not relevant.  [Citation.]" (*Rufini, supra,* 227 Cal.App.4th at p. 304.)

### A.  The Complaint Failed to Allege Facts Stating a Cause of Action

Campbell's second amended complaint (complaint) asserts a negligence claim. " 'To state a cause of action for negligence, a plaintiff must allege (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries.' " (*Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, 944 (*Alvarez*).)

As we understand, and liberally construe, Campbell's complaint, it appears to revolve around Bank of America's alleged alteration of the terms of the bank's loan to Campbell, without notice or her consent.  The complaint further appears to allege the collection of excessive funds for property taxes, and Bank of America's refusal to accept payments in an agreed-upon amount.[6]  Yet, the complaint does not allege what legal duty

---

**6**  Other portions of the complaint are impossible to decipher.  For example, the "Seventh Cause of Action" states: "Bank of America's leadership, failed to supervise its employees actions, and properly Monitor its employees actions, accounts, client services, and including Brian Moyhiem assistance with refusing or ignoring repeated request to halt all unlawful actions from taking place; The named defendant Bank of America, has claimed to have supervised it's employee's as specified, and denial of all allegations stated within the initial complaint, as per the verbal conversations held with the Defendant Bank of America representative of fraud unit, held on March 25, 2013 with

of care Bank of America owed to Campbell or how Bank of America breached that duty.[7] The complaint neither clearly identifies the relationship between the parties, nor states what portions of Bank of America's conduct were allegedly negligent. We are unable to discern from the complaint what Campbell alleges Bank of America failed to do that it had a duty to carry out, or what actions it took in contravention of a duty to act otherwise.

Even if the complaint could be construed as alleging some actions that conceivably might breach a duty Bank of America owed to Campbell, the complaint entirely fails to allege that any such breaches proximately caused damages to Campbell. The complaint asserts Bank of America's unspecified actions led to Campbell's

---

Tom Alexander, of the Arizona branch fraud unit, and on with a unidentified representative on March 29, 2013."

[7] Bank of America has repeatedly relied on the general rule that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1095–1096; [citations].)" (*Alvarez,* at p. 945.) However, " '[e]ven when the lender is acting as a conventional lender, the no-duty rule is only a general rule.' (*Jolley v. Chase Home Finance, LLC* (2013) 213 Cal.App.4th 872, 901(*Jolley*).) ' "*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower. Rather, the *Nymark* court explained that the question of whether a lender owes such a duty requires 'the balancing of [the factors identified in *Biakanja v. Irving* (1958) 49 Cal.2d 647, 650].' " ' [Citation.] . . . ' "*Nymark* and the cases cited therein do not purport to state a legal principle that a lender can never be held liable for negligence in its handling of a loan transaction within its conventional role as a lender of money." ' [Citations.]" (*Alvarez*, at pp. 945-946, fn. omitted.) Thus, for example, in *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, the court concluded that while a lender does not have a duty to offer or approve a loan modification, "a lender does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale." (*Id.* at p. 68; see also *Alvarez*, at pp. 948-951 [bank had duty to use reasonable care in the processing of a loan modification]; *Das v. Bank of America, N.A.* (2010) 186 Cal.App.4th 727, 741 ["A bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care."].) To the extent Bank of America argues it could *never* owe Campbell a duty of care under any circumstances, we therefore disagree. This does not, however, aid Campbell's complaint, which fails entirely to allege what duty of care Bank of America owed to Campbell or how Bank of America breached that duty.

victimization as the subject of a home invasion robbery, and caused unexplained monetary damages, but without any further allegations that, if true, would establish legal causation. The complaint states no facts connecting Bank of America's alleged conduct to Campbell's alleged damages and injuries. (*Chazen v. Centennial Bank* (1998) 61 Cal.App.4th 532, 543 [no negligence claim stated where, among other things, connection between bank's alleged breach of duty and appellants' loss was "tenuous and unexplained."].) In this way, the complaint fails to state a claim for negligence.

On appeal, Campbell contends the trial court erred in concluding her claims were barred by the statute of limitations. The record contains no indication that the trial court sustained the demurrer on this ground. This was not one of Bank of America's arguments below; it raised the statute of limitations only briefly in its reply to Campbell's opposition to the third demurrer. The trial court's written ruling made no mention of the statute of limitations. As we understand her briefing, Campbell further argues the trial court ignored her rights as a borrower. We can only understand this argument as contesting the trial court's ruling sustaining the demurrer, which we have concluded above was proper. Campbell additionally asserts the trial court "conspired" with Bank of America to deprive her of her right to due process by "failing to hold hearings" regarding her complaint, and failing to review documentation she submitted. The brief provides no further explanation identifying such hearings or documents, and the record reveals no such error.

Finally, we find no abuse of discretion in the trial court's order sustaining the demurrer without leave to amend. The court twice granted Campbell to leave to amend, yet the complaint continued to fail to allege facts sufficient to state a claim for negligence. On appeal, Campbell has not requested another opportunity to amend her complaint, or offered new facts that would remedy the complaint's defects. (*Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1609; *Taliaferro v. Prettner* (1955) 135 Cal.App.2d 157, 160.)

## DISPOSITION

The trial court judgment is affirmed.  Bank of America shall recover its costs on appeal.

BIGELOW, P.J.

We concur:

FLIER, J.

OHTA, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.